IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Cullan and Cullan LLC,<br>on behalf of itself and<br>all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>m-Qube, Inc., *et al.*,<br><br>                    Defendants. | Case No. 8:13-cv-00172<br><br>The Honorable Joseph F. Bataillon |

**PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
DISSEMINATION OF NOTICE, AND SETTING OF A FINAL FAIRNESS HEARING**

NOW COMES plaintiff Cullan and Cullan LLC ("Plaintiff"), individually and on behalf of the Settlement Class (as defined in the Stipulation of Settlement and set forth below[1]), by and through counsel, and respectfully requests that this Court enter an order: (a) granting preliminary approval of the Stipulation of Settlement; (b) approving the Notice and methods for dissemination of the Notice set forth in the Stipulation of Settlement and the Notice Plan set forth in the Dahl Affidavit; and (c) setting deadlines for opt-outs, objections, the submission of Settlement Class members' claims, and a date for the Final Fairness Hearing. As its Motion for Preliminary Approval of Class Action Settlement, Dissemination of Notice, and Setting of a Final Fairness Hearing,[2] Plaintiff states as follows:

1.  After careful analysis and extensive, hard-fought, and arm's-length negotiations, Plaintiff and defendants Mobile Messenger Americas, Inc. ("Mobile Messenger"), m-Qube, Inc.

---

[1] The definitions contained in the Stipulation of Settlement attached as Exhibit A to the accompanying Memorandum in Support of Preliminary Approval are incorporated herein by reference.

[2] Respectfully, to facilitate the Court's setting of the matter, it is believed that the Preliminary Approval Hearing will take an hour or less.

("m-Qube"), and CF Enterprises Pty., Ltd. ("CF Enterprises") (collectively, "Defendants") have agreed to settle the above-captioned class action, subject to approval of the Court. The settlement set forth in the Stipulation of Settlement (hereinafter "Settlement") provides substantial and valuable benefits to the Settlement Class, while satisfying due process requirements, and removes the delay, risk of non-recovery, and expense that is inherent in further litigation. *See* Stipulation of Settlement attached as Exhibit A to Plaintiff's Memorandum in Support of its Motion for Preliminary Approval of Class Action Settlement, Dissemination of Notice, and Setting of a Final Fairness Hearing ("Memorandum in Support of Preliminary Approval").

2.  On June 6, 2013, Plaintiff filed this action alleging claims against Mobile Messenger, m-Qube, Inc., and CF Enterprises Pty. Ltd., arising out of alleged unsolicited text messages sent from Premium Shortcodes related to Mobile Content, such as ring-tones, news and information alerts, and other digital and electronic content to wireless telephone subscribers, and the sale and billing of allegedly unauthorized Mobile Content to wireless telephone subscribers. The Complaint seeks, *inter alia*, monetary, declaratory, and injunctive relief on behalf of Plaintiff and all others similarly situated.

3.  On July 5, 2013, CF Enterprises filed a Motion to Compel Arbitration (D.E. #17), and Mobile Messenger and m-Qube filed a joint Motion to Dismiss. D.E. #20.

4.  The Parties engaged in extensive, arms-length, and hard-fought negotiations over several months, including a mediation session with the Honorable Judge Wayne R. Andersen (Ret.) through JAMS on August 2, 2013.

5.  Subject to the Court's approval, Plaintiff has agreed to settle the litigation pursuant to the provisions of the Settlement.

6.  Settlement of a class action requires judicial approval, which usually consists of

three steps: (1) preliminary approval of the settlement; (2) notice to the settlement class; and (3) a final fairness hearing to determine whether the settlement should be granted final approval as fair, reasonable, and adequate for the settlement class. The Parties are now taking the first step in the process by seeking preliminary approval of the Settlement.

7. Under the terms of the Settlement, Defendants consent to certification, for settlement-purposes only, of a Settlement Class defined as:

> All current and former Wireless Subscribers Nationwide, who, at any time from January 1, 2010 to the Notice Date: (a) incurred any charge, whether paid or not, for Mobile Content associated with any Released Party; (b) received any message from any Premium Short Code or through any Wireless Carrier-billed program offered by or administered through any Released Party; or (c) received any message or incurred any charge, whether paid or not, related to any Premium Short Code or Wireless Carrier billed program offered by or administered through any Released Party.

SA ¶¶ 2.42, 3.2.[3] A list of Premium Short Codes and other information about the transactions qualifying for benefits under the Settlement will be available on the Settlement website. The Settlement Class specifically excludes "Defendants, the Claims Administrator, and any of aforementioned respective parent, subsidiary, affiliate or control person of the Defendants, as well as the officers, directors, agents, servants, or employees of the Defendants, any trial judge presiding over this case over any of the actions which comprise the Action, and the immediate family members of any such Person(s)." SA ¶ 2.42.

8. As discussed in detail in the Settlement and Plaintiff's Memorandum in Support of its Motion for Preliminary Approval of Class Action Settlement, Dissemination of Notice, and Setting of a Final Fairness Hearing, the Settlement provides, *inter alia*, that Mobile Messenger and m-Qube (collectively, the "Mobile Messenger Companies") will make certain service improvements and assurances relating to the complained-of conduct and that the Mobile

---

[3] Citations to paragraphs of the Stipulation of Settlement are denoted by "SA."

Messenger Companies shall create a six million dollar ($6,000,000.00) Settlement Fund from which Mobile Messenger shall pay all Notice Expenses, Approved Claims (Subscription Charge Claims and Message Claims, as explained below), Claims Administration Expenses, an incentive award to Class Representative, and the Fee Award. SA ¶ 2.44. If after paying Notice Expenses, Approved Claims, Claims Administration Expenses, the incentive award to the Class Representative, and the Fee Award, there are remaining funds in the Settlement Fund, then such Remaining Funds are the property of Mobile Messenger. SA ¶ 7.4. If, after paying Notice Expenses, Approved Claims, Claims Administration Expenses, the incentive award to the Class Representative, and the Fee Award, the Settlement Fund is depleted, then Mobile Messenger shall contribute an additional $500,000.00 into the Settlement Fund. SA ¶ 5.2.4. To the extent that the Notice Expenses, Approved Claims, Claims Administration Expenses, the incentive award to the Class Representative, and the Fee Award exceeds $6,500,000.00, the Message Claims (SA ¶ 5.2.3) shall be paid on a pro-rated basis. *Id.*

9. A district court may approve a class action settlement only after determining that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Approval of a proposed class action settlement is a matter within the discretion of the Court. *See*, *e.g.*, *Grunin v. Int'l House of Pancakes*, 513 F.2d 114 (8th Cir. 1975). As noted by the Eighth Circuit:

> Such a determination is committed to the sound discretion of the trial judge. Great weight is accorded his views because he is exposed to the litigants, and their strategies, positions and proofs. He is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly. Only upon a clear showing that the district court abused its discretion will this court intervene to set aside a judicially approved class action settlement.

*Id.* at 123 (internal citations omitted).

10. In making the determination of whether a settlement is fair, reasonable, and adequate, a "district court should consider (1) the merits of the plaintiff's case[ ] weighed against

the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement." *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013) (internal quotations omitted) (citing *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988). The amount of opposition to the Settlement can only be determined after Notice to the Settlement Class has been accomplished. Thus, this factor is not analyzed at this time. The other factors are analyzed in Plaintiff's Memorandum in Support of Preliminary Approval, and each of the factors favors preliminary approval.

11. Before granting preliminary approval of the Settlement, the Court should determine that the proposed Settlement Class meets the requirements of Rule 23.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); MANUAL § 21.632. The primary difference between certification of a class for litigation purposes, as compared to certification for purposes of settlement only, is that the "manageability" concerns at issue in litigation classes under Rule 23 disappear (because the case is not to be tried) and the "adequacy of representation" requirement is more closely scrutinized. *Amchem Prods.*, 521 U.S. at 621. For settlement purposes only, the Parties stipulate to the certification of the Settlement Class. SA ¶ 3.2. The prerequisites for certifying a class are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, each of which is satisfied here.  *See* Fed. R. Civ. P. 23(a).  Also, the proposed class must meet the requirements of Rule 23(b)(1), (2) or (3). As set forth in more detail in Plaintiff's Memorandum in Support of Preliminary Approval, the Settlement Class satisfies Rule 23(b)(3).

12. The Settlement Class includes current and former Wireless Subscribers Nationwide from January 1, 2010, to the Notice Date that were affected by the complained-of

conduct. *See* Class Definition *infra* at ¶ 7. The Settlement Class is believed to be comprised of hundreds of thousands of members. Thus, the Settlement Class is so numerous that joinder of all members is impracticable.

13.  There are questions of law and fact common to the members of the Settlement Class, thereby satisfying Rule 23(a), which requires a showing of the existence of questions of law or fact common to the class. *See* Fed. R. Civ. P. 23(a)(2); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (explaining that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and that claims arising from that injury depend on a "common contention . . . of such a nature that it is capable of class-wide resolution."); *see also Winkler v. DTE, Inc.*, 205 F.R.D. 235, 240 (D. Ariz. 2001) ("[t]he standard for commonality is minimal because 'all that is required is a common issue of law or fact'"). The questions of law and fact common to the Settlement Class, include, but are not limited to, the following:

1)  whether Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227;

2)  whether Defendants' conduct constitutes tortious interference with Plaintiff's and other Settlement Class members' contracts with their wireless telephone carriers;

3)  whether Plaintiff and other Settlement Class members have been damaged and, if so, in what amount;

4)  whether Defendants have been unjustly enriched to the detriment of Plaintiff and other Settlement Class members; and

      5)      whether Plaintiff and other Settlement Class members are entitled to declaratory and injunctive relief.

*See* Class Action Complaint ¶ 29.

14.    Plaintiff's claims are typical of the claims of Settlement Class members because Plaintiff and the other Settlement Class members sustained injury and damages from the same course of conduct of Defendants. *See Bradford v. AGCO Corp.*, 187 F.R.D. 600, 605 (W.D. Mo. 1999); *In re Aquila ERISA Litig.*, 237 F.R.D. 202, 209 (W.D. Mo. 2007).

15.    The final requirement of Rule 23(a), that "the representative parties will fairly and adequately protect the interests of the class," is also satisfied. *See* Fed. R. Civ. P. 23(a)(4). There are no apparent conflicts of interest between Plaintiff and the other Settlement Class members, or among the members of the Settlement Class itself. Additionally, Plaintiff and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class. *See* Memorandum in Support of Preliminary Approval at Group Exhibit B: Resumes of Ben Barnow and Ralph K. Phalen.

16.    To be certified, the proposed class must also meet the requirements of Rule 23(b)(1), (2) or (3). Here, the Settlement Class satisfies Rule 23(b)(3) because common questions of law or fact predominate over any questions affecting only individual Settlement Class members and class resolution is superior to other available methods for the fair and efficient adjudication of the dispute. *See* Fed. R. Civ. P. 23(b)(3).

17.    Constitutional due process requires that absent class members be provided the best notice practicable, reasonably calculated to apprise them of the pendency of the action and affording them the opportunity to object. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985); Fed. R. Civ. P. 23(c)(2)(B). The mechanics of the notice process, however, "are left to the

- 8 -

discretion of the court subject only to the broad 'reasonableness' standard imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).

18. The Settling Parties have agreed upon Dahl Administration, LLC, to be the Notice Provider for this Settlement and request the Court's approval and appointment of Dahl Administration, LLC, as Notice Provider. Dahl Administration, LLC, is a nationally recognized class action notice provider. *See* Plaintiff's Memorandum in Support of Preliminary Approval at Exhibit C: Affidavit of Jeffrey D. Dahl with Respect to Settlement Notice Plan ("Dahl Affidavit") at ¶¶ 2-3 and Exhibit 1 to Dahl Affidavit.

19. Dahl Administration, LLC, has created a comprehensive plan that satisfies the "best notice practicable" standard for Notice. *See* Dahl Affidavit. The Dahl Affidavit describes (a) the methodology used to create the proposed Notice Plan; (b) the proposed Notice Plan; (c) the Notice design; (d) the direct email Notice; (e) the web-based Notice; (f) web-based Notice targeted using keyword search terms; (g) web-based Notice targeted using social media interest areas; (h) earned media; (i) the toll-free helpline; and (j) the Settlement website. *See id.*; *see also* SA ¶ 8.2.

20. The Notice documents were designed to provide information that the Settlement Class has been certified, along with clear, concise, easily understood information about Settlement Class Members' legal rights. The Proposed Notices collectively include a fair summary of the Settling Parties' respective litigation positions, the general terms of the Settlement set forth in the Stipulation of Settlement, instructions for how to object to or opt-out of the Settlement, the process and instructions for making claims to the extent contemplated herein, an explanation that claims will be paid as set forth in the Stipulation of Settlement and that the amount of recovery for each Settlement Class Member for Message Claims may be

allocated on a pro rata basis depending on the number of valid claims submitted, and sets forth the date, time and place of the Final Fairness Hearing.[4]

WHEREFORE, the Settlement readily meets the standard for preliminary approval. Accordingly, Plaintiff, individually and on behalf of the Settlement Class, by and through counsel, respectfully requests that the Court set the matter for a Preliminary Approval Hearing of the Class Action Settlement. It is believed that the hearing will take an hour or less. Plaintiff's counsel has conferred with counsel for Defendants and the Parties request that the Preliminary Approval Hearing be set for either October 28, 2013, or October 29, 2013, and at a time preferred by the Court, or on a date and time as soon thereafter as is convenient to the Court. The Parties seek an order providing for the following:

- A. granting class certification of the Settlement Class for settlement purposes only as requested herein;

- B. appointing Ben Barnow and Ralph Phalen as Class Counsel and appointing plaintiff Cullan and Cullan LLC as Class Representative;

- C. granting preliminary approval to the Settlement and finding the Settlement to be within the range of fair, reasonable, and adequate, and in the best interest of the Settlement Class;

- D. authorizing Notice of the Settlement and preliminary approval of the Settlement to the Settlement Class in the manner set forth in the Stipulation of Settlement (*see* SA ¶¶ 8.2 and 8.2.1) and in the Notice Plan in the Dahl Affidavit, and in the formats attached as Exhibits 2 and 3 to the Settlement or in substantially similar formats;

- E. appointing Dahl Administration, LLC, as the Notice Provider;

- F. appointing Dahl Administration, LLC, as the Claims Administrator;

- G. granting approval of the claim form attached as Exhibit 1 to the Settlement or in substantially similar format to the proposed claim form;

---

[4] The date and time of the Final Fairness Hearing is to be set by the Court.

H. setting a date for the Final Fairness Hearing to consider entry of a final order approving the Settlement, the request for attorneys' fees, costs, and expenses, and the request for an incentive award to Plaintiff; and

I. granting such other and additional relief as the Court may deem just and appropriate.

Dated: October 15, 2013  Respectfully submitted,

  /s/ Ben Barnow_____
 One of the attorneys for Plaintiff

Ben Barnow (*pro hac vice*)
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
312-621-2000
312-641-5504 fax
b.barnow@barnowlaw.com

Ralph Phalen (*pro hac vice*)
Ralph K. Phalen, Attorney at Law
1000 Broadway Ste. 400
Kansas City Mo. 64105
816-589-0753
816-471-1701 fax
phalenlaw@yahoo.com

*Proposed Class Counsel*
*Attorneys for Plaintiff*

Richard J. Schicker
Bar No. 13686
Law Offices of Richard J. Schicker
2809 So. 160th Street, Suite 101
Omaha, NE 68130

Mitchell L. Burgess (admitted *pro hac vice*)
BURGESS & LAMB, P.C.
1000 Broadway, Suite 400
Kansas City, MO 64105
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgessandlamb.com

*Additional Plaintiff's Counsel*

## Certificate of Service

  The undersigned hereby certifies a true and correct copy of the foregoing was served via filing with the Court's e-filing service, on this 15th day of October, 2013.

                 /s/ Ben Barnow