**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| Cullan and Cullan LLC,<br>on behalf of itself and<br>all others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>m-Qube, Inc., *et al.*,<br><br><br>    Defendants. | Case No. 8:13-cv-00172<br><br>The Honorable Joseph F. Bataillon<br><br>Magistrate Judge Thomas D. Thalken |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF AMENDED AND RESTATED STIPULATION OF SETTLEMENT,
DISSEMINATION OF NOTICE, AND SETTING OF A FINAL FAIRNESS HEARING**

NOW COMES plaintiff Cullan and Cullan LLC ("Plaintiff"), individually and on behalf of the Settlement Class (as defined in the Amended and Restated Stipulation of Settlement and set forth below[1]), by and through counsel, and respectfully requests that this Court enter an order: (a) granting preliminary approval of the Amended and Restated Stipulation of Settlement ("Settlement"); (b) approving the Notice and methods for dissemination of the Notice set forth in the Settlement and the Notice Plan set forth in the Dahl Affidavit; and (c) setting deadlines for opt-outs, objections, the submission of Settlement Class member claims, and a date for the Final Fairness Hearing. As its Motion for Preliminary Approval of Amended and Restated Stipulation of Settlement, Dissemination of Notice, and Setting of a Final Fairness Hearing, Plaintiff states as follows:

---

[1]The definitions contained in the Amended and Restated Stipulation of Settlement attached as Exhibit 1 to the accompanying Memorandum in Support of Preliminary Approval are incorporated herein by reference.

1.      Plaintiff and defendants Mobile Messenger Americas, Inc. ("Mobile Messenger"), m-Qube, Inc. ("m-Qube"), and CF Enterprises Pty., Ltd. ("CF Enterprises") (collectively, "Defendants") have engaged in arms-length negotiations, including in-person mediation presided over by the Hon. Wayne Andersen (ret.) at JAMS, continued negotiations immediately subsequent to the October 29, 2013 hearing before the Court, mediation before Magistrate Judge Thomas D. Thalken on February 5, 2014, and continued negotiations thereafter.

2.      As explained in Plaintiff's accompanying memorandum, the Settlement provides substantial enhancements over the initial agreement presented to the Court. *See* Plaintiff's Memorandum in Support of Motion for Preliminary Approval of Amended and Restated Stipulation of Settlement, Dissemination of Notice, and Setting of a Final Fairness Hearing,

3.      Settlement of a class action requires judicial approval, which usually consists of three steps: (1) preliminary approval of the settlement; (2) notice to the settlement class; and (3) a final fairness hearing to determine whether the settlement should be granted final approval as fair, reasonable, and adequate for the settlement class. The Parties are now taking the first step in the process by seeking preliminary approval of the Settlement.

4.      Under the terms of the Settlement, Defendants consent to certification for settlement purposes only of a Settlement Class defined as:

> [A]ll current and former Wireless Subscribers Nationwide, who: (a) at any time from January 1, 2010, to the Notice Date, incurred any charge, whether paid or not, associated with any of the programs set forth on Exhibit A attached hereto; or (b) at any time from January 31, 2011, to the Notice Date, received any message from any Premium Short Code set forth on Exhibit B attached hereto; or (c) at any time from January 1, 2010, to the Notice Date, received any message from a Premium Short Code registered at the CTIA to (i) any organization recognized as exempt from federal income taxation under I.R.C. § 501(c)(3) or I.R.C. § 501(c)(4), or (ii) federal political committees registered with the Federal Election Commission.  Excluded from the Class are the following: Defendants, the Claims Administrator, and any of aforementioned respective parent, subsidiary, affiliate and control persons of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants, any trial judge presiding over this case,

and the immediate family members of any such Person(s).

ARSA ¶ 2.40.[2]

5.        As discussed in detail in the Settlement and Plaintiff's Memorandum in Support of its Motion for Preliminary Approval of Class Action Settlement, Dissemination of Notice, and Setting of a Final Fairness Hearing, the Settlement provides substantial enhancements over the initial agreement presented to the Court. The amended terms address and satisfy the Court's concerns that it expressed with respect to the initial agreement. [D.E. #74]. Moreover, the Settlement provides superior relief than that provided for in settlements with similar claims.

6.        A district court may approve a class action settlement only after determining that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Approval of a proposed class action settlement is a matter within the discretion of the Court.  *See*, *e.g.*, *Grunin v. Int'l House of Pancakes*, 513 F.2d 114 (8th Cir. 1975). As noted by the Eighth Circuit:

> Such a determination is committed to the sound discretion of the trial judge.  Great weight is accorded his views because he is exposed to the litigants, and their strategies, positions and proofs. He is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly. Only upon a clear showing that the district court abused its discretion will this court intervene to set aside a judicially approved class action settlement.

*Id.* at 123 (internal citations omitted).

7.        In making the determination of whether a settlement is fair, reasonable, and adequate, a "district court should consider (1) the merits of the plaintiff's case[ ] weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement." *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013) (internal quotations omitted) (citing *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988)).

---

[2] Citations to paragraphs of the Amended and Restated Stipulation of Settlement are denoted by "ARSA."

8.      Before granting preliminary approval of the Settlement, the Court should determine that the proposed Settlement Class meets the requirements of Rule 23. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); Manual § 21.632. The primary difference between certification of a class for litigation purposes, as compared to certification for purposes of settlement only, is that the "manageability" concerns at issue in litigation classes under Rule 23 disappear (because the case is not to be tried) and the "adequacy of representation" requirement is more closely scrutinized. *Amchem Prods.*, 521 U.S. at 621. For settlement purposes only, the Parties stipulate to the certification of the Settlement Class. ARSA ¶ 3.2. The prerequisites for certifying a class are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, each of which is satisfied here. *See* Fed. R. Civ. P. 23(a). Also, the proposed class must meet the requirements of Rule 23(b)(1), (2) or (3). As set forth in more detail in Plaintiff's Memorandum in Support of Preliminary Approval, the Settlement Class satisfies Rule 23(b)(3).

9.      The Settlement Class is believed to be comprised of millions of members. Thus, the Settlement Class is so numerous that joinder of all members is impracticable.

10.     There are questions of law and fact common to the members of the Settlement Class, thereby satisfying Rule 23(a), which requires a showing of the existence of questions of law or fact common to the class. *See* Fed. R. Civ. P. 23(a)(2); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (explaining that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and that claims arising from that injury depend on a "common contention . . . of such a nature that it is capable of class-wide resolution."). The questions of law and fact common to the Settlement Class, include, but are not limited to, the following:

1)      whether Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227;

2)      whether Defendants' conduct constitutes tortious interference with Plaintiff's and other Settlement Class members' contracts with their wireless telephone carriers;

3)      whether Plaintiff and other Settlement Class members have been damaged and, if so, in what amount;

4)      whether Defendants have been unjustly enriched to the detriment of Plaintiff and other Settlement Class members; and

5)      whether Plaintiff and other Settlement Class members are entitled to declaratory and injunctive relief.

*See* Class Action Complaint ¶ 29.

11.    Plaintiff's claims are typical of the claims of Settlement Class members because Plaintiff and the other Settlement Class members sustained injury and damages from the same course of conduct of Defendants. *See Bradford v. AGCO Corp.*, 187 F.R.D. 600, 605 (W.D. Mo. 1999); *In re Aquila ERISA Litig.,* 237 F.R.D. 202, 209 (W.D. Mo. 2007).

12.    The final requirement of Rule 23(a), that "the representative parties will fairly and adequately protect the interests of the class," is also satisfied.   *See* Fed. R. Civ. P. 23(a)(4). Plaintiff and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class. *See* Memorandum in Support of Preliminary Approval at Group Exhibit 2: Resumes of Ben Barnow and Ralph K. Phalen.

13.    To be certified, the proposed class must also meet the requirements of Rule 23(b)(1), (2) or (3). Here, the Settlement Class satisfies Rule 23(b)(3) because common questions

of law or fact predominate over any questions affecting only individual Settlement Class members and class resolution is superior to other available methods for the fair and efficient adjudication of the dispute.  *See* Fed. R. Civ. P. 23(b)(3).

14.     Constitutional due process requires that absent class members be provided the best notice practicable, reasonably calculated to apprise them of the pendency of the action and affording them the opportunity to object.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985); Fed. R. Civ. P. 23(c)(2)(B). The mechanics of the notice process, however, "are left to the discretion of the court subject only to the broad 'reasonableness' standard imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).

15.     The Settling Parties have agreed upon Dahl Administration, LLC, to be the Notice Provider for this Settlement and request the Court's approval and appointment of Dahl Administration, LLC, as Notice Provider. Dahl Administration, LLC, is a nationally recognized class action notice provider. *See* Plaintiff's Memorandum in Support of Preliminary Approval at Exhibit 3: Affidavit of Jeffrey D. Dahl with Respect to Settlement Notice Plan ("Dahl Affidavit")  ¶¶ 2-3 and Exhibit 1 to Dahl Affidavit.

16.     Dahl Administration, LLC, has created a comprehensive plan that satisfies the "best notice practicable" standard for Notice. *See* Dahl Affidavit. The Dahl Affidavit describes (a) the methodology used to create the proposed Notice Plan; (b) the proposed Notice Plan; (c) the Notice design; (d) the direct email Notice; (e) the web-based Notice; (f) web-based Notice targeted using keyword search terms; (g) web-based Notice targeted using social media interest areas; (h) earned media; (i) the toll-free helpline; and (j) the Settlement website.

17.     The Notice documents were designed to provide information that the Settlement Class has been certified, along with clear, concise, easily understood information about

Settlement Class Members' legal rights. The Proposed Notices collectively include a fair summary of the Settling Parties' respective litigation positions, the general terms of the Settlement, instructions for how to object to or opt-out of the Settlement, the process and instructions for making claims to the extent contemplated herein, an explanation that claims will be paid as set forth in the Settlement and that the amount of recovery for each Settlement Class member for Message Claims may be allocated on a pro rata basis depending on the number of valid claims submitted, and sets forth the date, time and place of the Final Fairness Hearing.[3]

WHEREFORE, the Settlement readily meets the standard for preliminary approval. Accordingly, Plaintiff seeks an order providing for the following:

A.   granting class certification of the Settlement Class for settlement purposes only as requested herein;

B.   appointing Ben Barnow and Ralph Phalen as Class Counsel and appointing plaintiff Cullan and Cullan LLC as Class Representative;

C.   granting preliminary approval to the Settlement and finding the Settlement to be within the range of fair, reasonable, and adequate, and in the best interest of the Settlement Class;

D.   authorizing Notice of the Settlement and preliminary approval of the Settlement to the Settlement Class in the manner set forth in the Settlement and in the Notice Plan in the Dahl Affidavit, and in the formats attached as Exhibits D and E to the Settlement or in substantially similar formats;

E.   appointing Dahl Administration, LLC, as the Notice Provider;

F.   appointing Dahl Administration, LLC, as the Claims Administrator;

G.   granting approval of the claim form attached as Exhibit C to the Settlement or in substantially similar format to the proposed claim form;

H.   setting a date for the Final Fairness Hearing to consider entry of a final order approving the Settlement, the request for attorneys' fees, costs, and expenses, and the request for an incentive award to Plaintiff; and

---

[3] The date and time of the Final Fairness Hearing is to be set by the Court.

I.     granting such other and additional relief as the Court may deem just and appropriate.


Dated: March 3, 2014                        Respectfully submitted,

                                             /s/ Ben Barnow
                                             One of the attorneys for Plaintiff

                                            Ben Barnow (*pro hac vice*)
                                            BARNOW AND ASSOCIATES, P.C.
                                            One North LaSalle Street, Suite 4600
                                            Chicago, IL 60602
                                            312-621-2000
                                            312-641-5504 fax
                                            b.barnow@barnowlaw.com

                                            Ralph Phalen (*pro hac vice*)
                                            Ralph K. Phalen, Attorney at Law
                                            1000 Broadway Ste. 400
                                            Kansas City Mo. 64105
                                            816-589-0753
                                            816-471-1701 fax
                                            phalenlaw@yahoo.com

                                            ***Proposed Class Counsel***
                                            ***Attorneys for Plaintiff***

                                            Richard J. Schicker
                                            Bar No. 13686
                                            Law Offices of Richard J. Schicker
                                            2809 So. 160th Street, Suite 101
                                            Omaha, NE 68130

                                            Mitchell L. Burgess (admitted *pro hac vice*)
                                            BURGESS & LAMB, P.C.
                                            1000 Broadway, Suite 400
                                            Kansas City, MO 64105
                                            Telephone: (816) 471-1700
                                            Facsimile: (816) 471-1701
                                            Email: mitch@burgessandlamb.com

                                            ***Additional Plaintiff's Counsel***

**<u>Certificate of Service</u>**

The undersigned hereby certifies a true and correct copy of the foregoing was served via filing with the Court's e-filing service, on this 3rd day of March, 2014.

<u>  /s/ Ben Barnow</u>