IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CULLAN AND CULLAN LLC,** | |
| Plaintiff, | 8:13CV172 |
| vs. | |
| **M-QUBE, INC., MOBILE MESSENGER AMERICAS, INC., CF ENTERPRISES PTY., LTD., and JOHN DOES 1-200,** | PROTECTIVE ORDER |
| Defendants. | |

This matter is before the court on the parties' Stipulated Protective Order (Filing No. 141). Upon good cause shown, the stipulation is adopted as follows.

1.  **PURPOSES AND LIMITATIONS**

Good cause exists to enter this Stipulated Protective Order because discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and request the Court to enter this following Stipulated Protective Order. This agreement does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under restricted access.

2.  **"CONFIDENTIAL" MATERIAL**

"Confidential material" means information designated as "Confidential" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) personally identifiable information ("PII"); (c) Defendants' contracts with customers, such as content providers, who use Defendants' services; (d) information that reveals trade secrets; (e) research, technical, commercial, or financial information that the party has maintained as confidential; and (f) medical

information concerning any individual. Information or documents that are available to the public may not be designated as Confidential.

**3.    SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information in the public domain or becomes part of the public domain through trial or otherwise.

**4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1    Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

2

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, Court personnel, and Court reporters and their staff

(e) those persons specifically engaged for the limited purpose of making copies of documents or organizing and processing documents, including outside vendors hired to process electronically stored documents

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material.  All documents and materials containing Confidential material shall be electronically filed under Restrict Access in accordance with Local Rule 5.3.  The submitting party shall also electronically file with the Court, for its public file, a redacted copy of the submitted documents and materials containing Confidential material.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for

which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   **Manner and Timing of Designations**.  Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   **Information in documentary form** (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   **Testimony given in deposition**: Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony in the case shall be treated as Confidential until the expiration of the following: no later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 45 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential, and thereafter only those portions identified in the Notice of Designation shall be

protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential, unless otherwise ordered by the Court.

(c) Use of Confidential documents or information at hearing or trial: Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential materials. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

(d) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>.  If disputes remain after the parties' meet and confer, the challenging party must provide notice to the designating party, via email or letter, that the parties continue to dispute confidentiality designations as to specific items and stating that Court intervention is now required. Within 14 calendar days of receipt of such notice, the designating party must file with the Court a motion to retain confidentiality under Local Civil Rule 7.5(a). The burden of persuasion in any such motion shall be on the designating party. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

## 7.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or Court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. That notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

6

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

9.1     When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties will confer on an appropriate non-waiver order under Fed. R. Evid. 502.

9.2     Pursuant to Fed. R. Evid. 502(d), inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege.

**10.    NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if those materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS SO ORDERED.**

Dated this 9th day of January, 2015.

                                          BY THE COURT:

                                          s/ Thomas D. Thalken
                                          United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA**

| | |
|---|---|
| CULLAN AND CULLAN LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>M-QUBE, INC., a Delaware corporation, MOBILE MESSENGER AMERICAS, INC., a Delaware Corporation, and CF ENTERPRISES PTY. LTD., an Australian Company, and JOHN DOES 1-200,<br><br>Defendants. | Case No.8:13-cv-00172-TDT<br><br>Magistrate Judge Thomas D. Thalken |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nebraska in matters relating to the Stipulated Protective Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____