IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CULLAN AND CULLAN LLC,** | |
| Plaintiff and Counter-Defendant, | 8:13CV172 |
| vs. | |
| **M-QUBE, INC.**, a Delaware corporation, | |
| Defendant and Counter-Plaintiff, | AMENDED ORDER FOR INITIAL PROGRESSION OF CASE |
| and | |
| **MOBILE MESSENGER AMERICAS,** Inc., a Delaware corporation; **CF ENTERPRISES PTY., LTD.**, an Australian company; and **JOHN DOES 1-200,** | |
| Defendants. | |

This matter comes before the court on the parties' Joint Motion for Extension of Briefing Deadlines and for Continuance of Hearing Date (Filing No. 145). The motion is granted as set forth below.

IT IS ORDERED:

1. **Certifying Class Actions**. Any motion to certify this case as a class action shall be filed **on or before August 13, 2015**. Such motion shall contain a detailed statement identifying the class(es) and subclass(es) for which certification is sought, detailing the facts upon which satisfaction of the requirements of Fed. R. Civ. P. 23(a) is asserted, including but not limited to:

   a. statements of class numerosity beyond mere speculation; the geographic location of the class members; statements of numerosity of all subclasses beyond mere speculation; the geographic location of the subclass members; and a statement of the notice plaintiff would give the class and subclass members and the method for achieving such notice;

   b. an analysis of commonality of questions of law or fact; and statements of whether the claims of the class members are within the periphery of the claims raised by the named plaintiff;

   c. an analysis of typicality of claims between the class representative and class members; statements demonstrating similarities of grievances between the class representative and class members; and an analysis of similarity of legal theories despite any factual differences among class member' claims and the claims of the class representative;

      d.    an analysis of the adequacy of the class representative and adequacy of counsel for the representative to represent the interests of the class members; an analysis of whether the interests of the named representative is co-extensive with the interests of the other members of the class; and an analysis of whether the interests of the representative is antagonistic in any way to the interests they represent.

      e.    The movant shall also state the facts upon which satisfaction of Fed. R. Civ. P. 23(b) is asserted, including but not limited to an analysis of which subdivision of Rule 23(b) is most appropriate for certification of the proposed class; an analysis of whether dividing the class into subclasses of those seeking injunctive, declaratory, and monetary relief is appropriate; and statements of the proposed notice plaintiff would give to the class members should the court find certain class members should be given the opportunity to opt out of the class and when such opt out election should be made.

    2.    **On or before September 11, 2015**, the defendants shall file and serve any objections to class certification specifying with particularity the factual and legal basis of the objections and identifying any facts in which an evidentiary dispute exists.

    3.    **On October 29, 2015, at 9:30 a.m.**, an evidentiary hearing will be held before the undersigned magistrate judge in Courtroom No. 7, Second Floor, Roman L. Hruska, U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, to consider all questions coming within the class action issues under Fed. R. Civ. P. 23(a) and (b). At the hearing to be conducted on October 29, 2015, the parties may present extracts of depositions, interrogatories, and documentary evidence relevant to any factual dispute, and only upon a showing of good cause will a party be permitted to call a witness to testify in person at the hearing.

    4.    **Planning Conference**. A conference with the undersigned magistrate judge will be held following the class certification hearing on **October 29, 2015**, for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial. Prior to the conference, counsel for the parties shall have:

      a.    Disclosed the names, addresses, and affiliations with any party of all non-expert witnesses;
      b.    Disclosed at least the names and addresses of all expert witnesses expected to testify for that party at trial;
      c.    Completed a conference with opposing counsel concerning outstanding discovery disputes as required by NECivR 7.1(i);
      d.    Discussed with opposing counsel plans for completing the depositions of expert witnesses and other remaining discovery and the filing of motions for summary judgment;
      e.    Discussed the necessity for any amendment of the pleadings or the necessity of adding additional parties.
      f.    Exchanged genuine and serious proposals for settlement;

   g. Discussed settlement with clients and the viability of mediation or other forms of alternative dispute resolution as may be applicable to this case; and

   h. Discussed with opposing counsel any other matters which may influence the setting of this case for trial.

  5. **Motions to alter dates.**  All requests for changes of deadlines established by this order shall made by appropriate motion.

  6. The provisions of the earlier progression order remain to the extent they do not conflict with this order.

  Dated this 5th day of May, 2015.

              BY THE COURT:

              s/ Thomas D. Thalken
              United States Magistrate Judge