# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

|  |  |
|---|---|
| CULLAN AND CULLAN LLC,<br>On behalf of itself and<br>all others similarly situated,<br><br>               Plaintiff,<br><br>           v.<br><br>M-QUBE, INC., *et al.*,<br><br>               Defendants. | Case No. 8:13-cv-00172<br><br>The Honorable Magistrate Judge<br>Thomas D. Thalken |

## AMENDED AND RESTATED STIPULATION OF SETTLEMENT

This Amended and Restated Stipulation of Settlement ("the Agreement") is entered into by and among Plaintiff in this Action, for itself individually and on behalf of the Settlement Class on the one hand, and CF Enterprises Pty., Ltd. ("CF Enterprises"), on the other hand.  Plaintiff and CF Enterprises are referred to herein as the "Settling Parties." Subject to Court approval of the Agreement, in accordance with applicable law, the Settling Parties hereby stipulate and agree that, in consideration of the mutual promises, covenants, and consideration set forth in the Agreement, and upon the occurrence of the Effective Date, the Settled Claims of the Settlement Class shall be settled and compromised upon the terms and conditions contained herein.

## 1.      RECITALS.

1.1      Plaintiff filed an action captioned *Cullan and Cullan LLC v. Mobile Messenger Americas, Inc., et al.,* No. 8:13-cv-00172 (District of Nebraska) (the "Complaint"), alleging claims for damages and injunctive relief against Mobile Messenger Americas, Inc., and m-Qube, Inc. (together, "Mobile Messenger") and CF Enterprises arising out of alleged unsolicited text messages sent from Premium Short Codes related to Mobile Content, such as ring-tones, news and

information alerts, and other digital and electronic content to wireless telephone subscribers, and the sale and billing of allegedly unauthorized Mobile Content to wireless telephone subscribers.

1.2     CF Enterprises have denied and continues to deny all liability for all Plaintiff's claims in the Action.

1.3     Class Counsel have conducted an examination and investigation of the facts and law relating to the matters set forth in the Action regarding the claims and potential defenses of CF Enterprises.

1.4     The Settling Parties engaged in arms-length negotiations, including in-person mediation presided over by the Hon. Wayne Andersen (ret.) at JAMS, continuing negotiations designed to meet concerns of the Court and other developments, to wit, cessations in certain business practices of CF Enterprises, whereby they were able to exchange information and reach the terms of the Agreement.

1.5     Based upon extensive analysis of the facts and the law applicable to Plaintiff's claims in the Action, and substantial discovery produced to date, and taking into account the burdens and expense of such litigation, including the risks and uncertainties associated with protracted trials and appeals, Class Counsel have concluded that the Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate, and in the best interests of the Settlement Class.

1.6     CF Enterprises similarly concluded that the Agreement is desirable in order to avoid the time, risk, and expense of defending multiple and protracted litigations, and to resolve finally, completely, and globally the pending and potential claims of Plaintiff and the Settlement Class.

1.7     The Settling Parties agree that all potential Settlement Class members shall have an individual right to exclude himself, herself, and itself from the Settlement Class.

**AMENDED AND RESTATED STIPULATION OF SETTLEMENT**

1.8     The Settling Parties agree that all Settlement Class members who do not file a valid claim or a valid Request for Exclusion (defined below) shall continue to have the right to pursue any and all claims each may have independently and on an individual basis against CF Enterprises and any other Released Party, it being understood that only their right to participate in a class action or mass action is released and waived except that if a claim is filed by or on behalf of a Class Member and paid under this Agreement, then his, her, and its release as to each Released Party hereunder shall be complete in accordance with the terms and conditions set forth herein.

NOW, THEREFORE, the Settling Parties stipulate and agree that any and all Settled Claims against all Released Parties shall be finally settled and resolved on the terms and conditions set forth in the Agreement, subject to Court approval of the Agreement, as a good faith, fair, reasonable, and adequate settlement.

2.     **DEFINITIONS**

As used in the Agreement, in addition to any definition set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

2.1     "***Action***" means the case captioned *Cullan and Cullan LLC v. M-Qube, Inc., et al.,* No. 8:13-cv-00172 (District of Nebraska).

2.2     "***Agreement***" means this amended and Restated Stipulation of Settlement, including all exhibits attached hereto.

2.3     "***Approved Claim***" means a claim by a Settlement Class member submitted on a Claim Form that is submitted before the Claims Deadline, and that fairly provides the requested information, and complies with the requirements set forth in Section 6.3 below.

2.4     "***CF Enterprises' Counsel***" means attorney Michael T. Hilgers of Gober Hilgers PLLC.

2.5    **"Claimant"** means a Settlement Class member that submits a Claim Form for a Settlement Benefit.

2.6    "**Claim Form**" means the form attached hereto as Exhibit A, as approved by the Court.

2.7    "**Claims Administration Expenses**" means the expenses incurred by the Claims Administrator in handling Claim Forms submitted by Settlement Class members pursuant to this Agreement, including Notice Expenses.

2.8    "**Claims Administrator**" means Dahl Administration, LLC, subject to approval by the Court.

2.9    "**Claims Deadline**" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date sixty (60) days after the Effective Date or ninety (90) days after the last date provided in the Settlement Class Notice for the Fairness Hearing, whichever is later.

2.10    "**Class Counsel**" means attorneys Ben Barnow, Barnow and Associates, P.C., and Ralph K. Phalen, Ralph K. Phalen Law, P.C.

2.11    **"Class Period"** means from January 1, 2010 to the Notice Date.

2.12    "**Class Representative**" means Plaintiff.

2.13    "**Court**" means the United States District Court for the District of Nebraska.

2.14    "**Defendants**" means Mobile Messenger, m-Qube, and CF Enterprises.

2.15    "**Effective Date**" means the date, if any, on which the Judgment entered pursuant to the Agreement becomes final and not subject to appeal under the applicable law or, in the event of a timely appeal from the entry of the Judgment, the date on which such appeal is resolved

affirming the Judgment in all material respects and the Judgment is not subject to further judicial review.

2.16    "***Fairness Hearing***" means the hearing to be conducted by the Court to determine the fairness, reasonableness, and adequacy of the Agreement in accordance with applicable jurisprudence.

2.17    "***Fee Award***" means the amount of attorneys' fees, costs, and expenses awarded by the Court to Class Counsel up to the Maximum Fee Amount.

2.18    "***Judgment***" means the order and or judgment to be entered by the Court approving this Agreement, without modifications that are unacceptable to Plaintiff or CF Enterprises, as fair, reasonable, and adequate, in accordance with applicable jurisprudence, confirming the certification of the Settlement Class, and issuing such other findings and determinations as the Court or the Settling Parties deem necessary and appropriate to effectuate the terms of the Agreement.

2.19    "***m-Qube, Inc.***" means the affiliated company under common control with Mobile Messenger which, during the Class Period, provided messaging gateway services to the Wireless Carriers.

2.20    "***Message Claim***" means a claim submitted by a Settlement Class member in accordance with Section 5 of the Agreement setting forth each of the unsolicited text messages generated by or from CF Enterprises from a Message Claim Shortcode that the Settlement Class member asserts he, she, or it received unsolicited text messages generated by or from CF Enterprises.

2.21    "***Message    Claim    Program***"    means    the    following    programs: searchyourhoroscope.com;    tuneztogo.com;    hearmemobile.com;    myringtonespot.com; cellsafari.com; tonezgalore.com; urzodiachoroscopes.com; and fonezoneportal.com.

2.22    "***Message Claim Shortcodes***" means the following shortcodes: 25872, 29104, 33288, 44329, 49712, 70451.

2.23    "***Mobile Content***" refers to content, applications, and goods and services, such as ring tones, wallpaper, news and information alerts, and other digital and electronic content charged to the wireless bill of a Wireless Subscriber.

2.24    "***Mobile Messenger***" means Mobile Messenger Americas, Inc., and all of its current and former parents, subsidiaries and affiliates, predecessors, successors and assigns, including without limitation m-Qube, Inc.

2.25    "***Mobile Messenger's Counsel***" means attorney Ari N. Rothman of Venable LLP.

2.26    "***Nationwide***" means the 50 United States of America and the District of Columbia, Puerto Rico, U.S. Virgin Islands, Guam, and all other recognized territories of the United States.

2.27    "***Notice Date***" means the date upon which Settlement Class Notice is first disseminated to the Settlement Class, other than the filing with the Court.

2.28    "***Notice Expenses***" means all reasonable costs and expenses expended in the preparation and execution of the Notice Plan, including (a) all reasonable costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, emailing, Internet hosting and publishing the Settlement Class Notice to the Settlement Class of the Agreement, identifying and notifying members of the Settlement Class and informing them of the Agreement and (b) any necessary notice and notice-related expenses.

2.29    "***Notice of Intention to Appear and Object***" is the written communication that must be filed by a Settlement Class member in order to object to the approval of this Agreement.

**AMENDED AND RESTATED STIPULATION OF SETTLEMENT**

2.30     "*Notice Plan*" means the proposed plan of disseminating notice to the Settlement Class of this Agreement and the Fairness Hearing and agreed to by the Settling Parties and approved by Class Counsel.

2.31     "*Notice Provider*" means Dahl Administration, LLC, subject to Court approval.

2.32     "*Opt-Out Period*" means the period for a Settlement Class member to file a Request for Exclusion to be set by the Court in this action.  The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

2.33     "*Person*" means any individual, corporation, trust, partnership, limited liability company, or other legal entity, and their respective predecessors, successors or assigns.

2.34     "*Plaintiff*" means Cullan and Cullan LLC.

2.35     "*Preliminary Approval*" means the Court's conditional certification of the Settlement Class, preliminary approval of this Agreement, and approval of the form and methods of dissemination of the Settlement Class Notice and the Notice Plan.

2.36     "*Released Party*" means CF Enterprises, as well as its respective predecessors and successors, and its past and present officers, directors, employees, attorneys, representatives, agents and stockholders.

2.37     "*Releasing Party*" means Plaintiff and each member of the Settlement Class and any Person claiming by or through Plaintiff's or any Settlement Class member's spouse, child, heir, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate, who does not timely opt-out of the Agreement or is otherwise excluded by the terms hereof.

2.38     "*Request For Exclusion*" is the written communication on behalf of a Settlement Class member that must be filed with the Claims Administrator that is postmarked on or before

the end of the Opt-Out Period if a Settlement Class member wishes to be excluded from the Settlement Class.

2.39    "*Settled Claim*" or "*Settled Claims*" means, as to each Settlement Class member who files a claim hereunder and is paid for that claim in accordance with the terms hereof, any claim, liability, right, demand, suit, matter, obligation, damage, loss or cost, action or cause of action, of every kind and description that the Releasing Party has, or may have, against any Released Party relating to (a) messages sent to mobile devices via Message Claim Shortcodes, including claims related to the transmission of such messages to such Settlement Class member's mobile device; (b) whether such Settlement Class member consented to receive messages sent to their mobile devices associated with any Released Party; and (c) unauthorized charges to such Settlement Class member's mobile phone bills associated with any of the Message Claim Shortcodes. Settled Claims, subject to subpart 3 below, include assigned claims, whether known or unknown or suspected to exist, asserted or unasserted, latent or patent, that is, has been, could have been or in the future might be asserted by the Releasing Party either in the Action or in any other action or proceeding in the Court, or any other court, tribunal or forum, regardless of legal theory, and regardless of the type or amount of relief or damages claimed, against any Released Party, including all claims that were brought or could have been brought in the Action, involving any allegation or contention on any basis that any message sent to any mobile device from any Message Claim Shortcode was unsolicited or unlawful.

There is no release for future claims.  Nothing herein is intended to release any claim, whether direct or *parens patrae*, any governmental agency has or claims to have, including those against any Released Party including any person otherwise released hereunder or any agent, officer, director, employee, or shareholder of said Released Party.

Without limiting the generality of the foregoing, but subject to it, Settled Claims shall include, with regard to the foregoing subject matter, if a Settlement Class member files a valid claim and received a Settlement Payment:

(1) any class, group, collective, or individual claim for any breach or violation of any federal or state statute or regulation as limited above, local ordinance, case law, common law or other law;

(2)   any claim for breach of any duty imposed by law, by contract or otherwise; and

(3)   any claim for damages, injunctive relief, declaratory relief, class damages or relief, penalties, punitive damages, exemplary damages, restitution, rescission or any claim for damages based upon any multiplication or enhancement of compensatory damages associated with the above.

Notwithstanding the above or anything else contained in the Agreement, if a Settlement Class member does not file a claim and does not opt out, that Settlement Class member will still retain the right to his, her, or its individual claim, but will not have a right to file or participate in a class action or mass action.

2.40   "*Settling Parties"* means Plaintiff, individually and on behalf of all those similarly situated, and CF Enterprises collectively.

2.41   "*Settlement Benefit*" means the benefits a Settlement Class member is entitled to receive pursuant to the Agreement.

2.42   "*Settlement Class*" means all current and former Wireless Subscribers Nationwide, who at any time from January 31, 2011, to the Notice Date, received a text message from any Message Claim Shortcode or relating to a Message Claim Program. Excluded from the Class are the following: Defendants, the Claims Administrator, and any of aforementioned respective parent,

**AMENDED AND RESTATED STIPULATION OF SETTLEMENT**

subsidiary, affiliate, and control persons of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants, any trial judge presiding over this case, and the immediate family members of any such Person(s).

2.43    "*Settlement Class Notice*" means the form of Court-approved notice (or notices) of the Agreement that is directed to the Settlement Class.  The Settling Parties have proposed that the Court approve the notices in the form attached to this Agreement as Group Exhibit B.

2.44    "*Settlement Payments*" means payments for Approved Claims for Message Claims (for which there is a cap of the total amount paid of $1,000,000).

2.45    "*Settlement Website*" means the website to be created by the Claims Administrator that will contain the complaint in the Action, the Court's order granting Preliminary Approval, the Agreement, and the Settlement Class Notice.  The Settlement Website will also identify key deadlines (*e.g.,* the Claims Deadline, the Request for Exclusion deadline, the deadline for Settlement Class members to submit objections as set forth herein, the date of Fairness Hearing), instruct Settlement Class members on how to submit Claim Forms or Requests for Exclusion, and how to object. The Settlement Website shall also include a "Frequently Asked Questions" section, and enable Settlement Class members to update their contact information. The Settlement Website will also permit Settlement Class members to download, print, and mail their Claim Forms to the Settlement Administrator. The Settlement Website shall also list the Message Claim Shortcodes and Message Code Programs.

2.46    "*Special Master*" means an independent person agreed upon by the Settling Parties and approved by the Court to evaluate those Claim Forms and any rejection of same that have been challenged by a Settling Party or rejected by the Claims Administrator after an initial appeals process.

2.47     ***"Wireless Carrier"*** means any entity that offers transmission services to users of wireless devices (handheld computers and telephones) through radio frequency signals rather than through end-to-end wire communication, such as the nation's public mobile network operators including without limitation AT&T Mobility, Verizon Wireless, T-Mobile USA, Inc., Sprint Nextel Corp, US Cellular, and Alltel Wireless.

2.48     ***"Wireless Subscriber"*** means any Person who entered into a service agreement with any Wireless Carrier or otherwise paid for the wireless service from such Wireless Carrier.

## 3.     <u>FOR SETTLEMENT PURPOSES ONLY</u>

3.1     The Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only, and neither the fact of, any provision contained in the Agreement, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by Plaintiff in this Action or in any other pending or future action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Released Party or admission by any Released Party of any claim or allegation made in this Action or in any other pending or future action, nor as an admission by Plaintiff, Settlement Class members, or Class Counsel of the validity of any fact or defense asserted against them in this Action or in any pending or future other action.

3.2     For purposes of the Agreement only, Plaintiff and CF Enterprises stipulate to the certification of the Settlement Class for settlement purposes only. If the Court does not approve the Agreement in any material respect or if the Effective Date does not occur then this certification shall be void and the Agreement will not constitute, be construed as, or be admissible in evidence as any admission or be used for any purpose whatsoever in this Action or any other pending or future action.  Whether or not the Court enters the Judgment, and whether or not there is a

Judgment, the Settling Parties' agreement to class certification is for settlement purposes only, and any statements or submissions made by the Settling Parties in connection with seeking the Court's approval of the Agreement, shall not be deemed to be any stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims.

3.3     The Agreement is without prejudice to the rights of any Released Party to: (a) oppose class certification in this Action should the Agreement not be approved or implemented for any reason; (b) oppose certification in any other proposed or certified class actions; or (c) use the certification of the Settlement Class to oppose certification of any other proposed or existing class arising out of or in any manner related to the Settled Claims.

## 4.     REQUIRED EVENTS AND COOPERATION BY THE PARTIES

4.1     <u>Preliminary and Final Approval</u>.  Promptly after execution of the Agreement, Class Counsel shall submit the Agreement to the Court for its Preliminary Approval and shall move the Court for one or more orders, which by their terms shall:

(a)     Appoint Plaintiff as the representative of the Settlement Class;

(b)     Appoint Ben Barnow of Barnow and Associates, P.C., and Ralph K. Phalen of Ralph K. Phalen Law, P.C., as Class Counsel;

(c)     Certify the Settlement Class under Federal Rule of Civil Procedure 23 for settlement purposes only, preliminarily approve this Agreement, and direct that Settlement Class Notice of the Agreement be provided in accordance with the Notice Plan;

(d)     Approve the form and contents of the Settlement Class Notice and the method of its dissemination to members of the Settlement Class;

AMENDED AND RESTATED STIPULATION OF SETTLEMENT

(e)     Provide for confirmatory discovery; and

(f)     Schedule the Fairness Hearing to review comments and objections, if any, regarding the Agreement, to consider its fairness, reasonableness and adequacy, and the application for an award of attorneys' fees and reimbursement of costs and expenses and to consider whether the Court shall issue a Judgment approving the Agreement, granting Class Counsel's application for fees, costs, and expenses, and dismissing the Action with prejudice.

4.2     <u>Cooperation</u>.   The Settling Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court.

## 5.     **SETTLEMENT BENEFITS**

5.1.     Subject to the occurrence of the Effective Date, CF Enterprises shall pay any Settlement Class member who submits a valid Message Claim, as provided for in the Agreement, $65 per unauthorized message (text message or any individual charge to the mobile phone bill of a Wireless Subscriber) validly claimed, with a limit of 3 such unauthorized messages per Settlement Class member. However, if the total value of Valid Message Claims exceeds $1,000,000, such claims shall be prorated.

5.2     Valid Message Claims are for messages as to which the Claimant believes express prior written consent was not given unless CF Enterprises proves with clear and convincing evidence that the alleged express prior written consent (including, but not limited to, informed consent provided over the Internet or via text messages) was given by the Claimant or lawfully on the Claimant's behalf.

5.3     Within 10 days of preliminary approval of the Agreement, CF Enterprises shall provide a standby letter of credit to Class Counsel from the Commonwealth Bank of Australia in the amount of US $1,000,000 to guarantee the payment of all Valid Message Claims.  After request by the Claims Administrator for payment of a Valid Message Claim, CF Enterprises must provide the Claims Administrator with sufficient funds to pay each Valid Message Claim so requested. In the event CF Enterprises fails to provide the Claims Administrator with such funds, the Claims Administrator may draw on the funds from the Commonwealth Bank of Australia.  To draw on those funds, the Claims Administrator must use a form substantially identical to that attached as Exhibit C, and submit the completed form to a United States bank with a corresponding relationship with the Commonwealth Bank of Australia, e.g., Bank of America.

6.      **CLAIMS PROCESS**

6.1     <u>Claims Administrator's Duties</u>.

6.1.1   The Claims Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by resolving Claim Forms in a rational, responsive, cost effective, and timely manner.  All Claim Forms shall be validated by the Claims Administrator to establish that the Person submitting the Claim Form has an Approved Claim.

6.1.2   The Claims Administrator shall maintain detailed records of its activities under this Agreement. The Claims Administrator shall maintain all such records as required by applicable law in accordance with their business practices and such records will be made available to Class Counsel and CF Enterprises' Counsel upon request. Not later than fourteen (14) days before the Fairness Hearing, the Claims Administrator shall prepare and deliver to

Class Counsel, who shall file with the Court, and CF Enterprises' Counsel, a report stating the total number of Persons who have submitted timely and valid Requests for Exclusion from the Settlement Class, and the names of such Persons. Such Persons will not be entitled to receive any relief under this Agreement and will not be bound by any release contained herein. The Claims Administrator shall also provide reports and other information to the Court as the Court may require. The Claims Administrator shall provide Class Counsel and CF Enterprises' Counsel with information concerning notice, administration, and implementation of the Agreement.

6.1.3   The Claims Administrator shall cause the Settlement Website to be created according to the Claims Administrator's own instruction. The Claims Administrator will establish a toll-free telephone support line that will provide Settlement Class members with general information about the Action and which will contain responses to frequently asked questions about the Action and claim procedure.

6.2   <u>Written and Electronic Claims Submission</u>. Settlement Class members are entitled to Settlement Benefits through submission of a Claim Form and the Claims Administrator's determination that such Settlement Class member has an Approved Claim.   The Claims Administrator shall not commence its determination of whether a Claim Form represents an Approved Claim until after the occurrence of the Effective Date.   The claims process shall be conducted online through the Settlement Website administered by the Claims Administrator.  If a Claim Form is submitted electronically, it must be sent on-line prior to the Claims Deadline.  Any Settlement Class member unable or unwilling to complete a Claim Form online may call a toll free

**AMENDED AND RESTATED STIPULATION OF SETTLEMENT**

number, provide their name and address, and receive a paper Claim Form.  Paper Claim Forms must be mailed to the Claims Administrator and must be postmarked on or before the Claims Deadline.  The Claims Administrator shall reject Claim Forms that are not timely in accordance with the above; provided, however, that nothing in this provision shall be construed to prevent the Claims Administrator, in its discretion to be reasonably applied, from permitting a Settlement Class member to remedy informational deficiencies in such Settlement Class member's Claim Form, if otherwise timely.

      6.3   <u>Processing and Validation of Claim Forms</u>

      6.3.1   Each Claim Form must be signed by the Settlement Class member and provide the following information: (a) the Settlement Class member's full name, current address, and telephone number, and any email address used in any communications with CF Enterprises, if applicable; (b) the wireless number associated with the mobile device that received any message or incurred any charge for which the Settlement Class member requests a benefit under Section 5 of this Agreement; and (c) the information required below, as applicable.

      6.3.2   Settlement Class members who submit a Claim Form for a Message Claim must, in addition to the information set forth in Section 6.3.1 above, also provide: (a) the number of the mobile device that received each message for which a benefit is requested, and the number of messages that each such device received; (b) a statement that each such charge was unauthorized; (c) the total amount of the benefit requested for the Message Claim; and (d) a

statement that the Settlement Class member did not request or receive a refund or credit from any source with respect to the Message Claim.

6.3.3 The Claims Administrator will endeavor to process any Claim Form submitted that includes a cell phone number that has received any unsolicited text message, the Settlement Class member's name and mailing address, even if the Settlement Class member has not completed the other fields in the Claim Form, provided the Settlement Class member sets forth in writing that the Settlement Class member has insufficient knowledge to complete the incomplete field.

6.4. <u>Resolution Procedure for Challenged or Rejected Claims</u>

6.4.1 CF Enterprises may challenge any Message Claim and the Claim Form will disclose the right of CF Enterprises to challenge any such claim it believes to be invalid.

6.4.2 CF Enterprises shall have thirty (30) days from the close of the Claim Period to dispute any Claim for a Settlement Benefit approved by the Claims Administrator.  Any Settlement Class member whose Claim Form for a Settlement Benefit is denied, in whole or in part, by the Claims Administrator, shall also have thirty (30) days to dispute the denial of such claim.  In either case, each applicable Party shall receive written notice of the denial/approval of the Claim Form and shall be provided an opportunity wherein the contesting party must provide a detailed written explanation as to why the Claims Administrator erred in its denial/approval of the Claim Form for a Settlement Benefit.

6.4.3    All appeals shall be submitted to one (1) independent person agreed upon by the Settling Parties and approved by the Court (the "Special Master"). All appeals will be based solely on the submissions, including any records provided by CF Enterprises.  In order to overrule the decision of the Claims Administrator to approve/deny a Claim Form for a Settlement Benefit, the Special Master shall need to rule in writing that the former approval/denial was without adequate support and contrary to the record and describe in detail the basis for each such finding.

6.4.4    All decisions of the Special Master are final.

## 7.    SETTLEMENT PAYMENTS

7.1.    Provided that the Effective Date has occurred, the Claims Administrator shall pay all Approved Claims by check and mail them to the Claimant via first-class mail within thirty (30) days of the Claims Deadline, or the earliest date thereafter when a claim for a Settlement Benefit becomes an Approved Claim.   In the event that the amount of Approved Claims makes it reasonably possible that the amount due per claim may need to be pro-rated, the time to pay said amounts is extended by 60 days after that amount (per claim amount) can be reasonably calculated, but in no event later than 9 months after the close of the Claims Deadline.

## 8.    NOTICE TO THE CLASS

8.1    Upon Preliminary Approval of this Agreement (and as the Court may direct), the Settling Parties (or their designee) shall cause the Settlement Class Notice to be disseminated to potential Settlement Class members. The Settlement Class Notice shall advise Settlement Class members of their rights, including the right to opt out, comment on the Agreement, or object to the Agreement or its terms. Such notice shall comport with due process and be effectuated pursuant

to the Notice Plan. Subject to Court approval, notice of the Settlement will be combined with notice of the settlement between Plaintiff and Mobile Messenger, filed herewith. If the settlement between Plaintiff and Mobile Messenger is not granted preliminary approval, then notice of the Settlement will be provided independent of notice of the settlement between Plaintiff and Mobile Messenger.

8.2    The Notice Plan shall include Direct Notice, Internet publication Notice, and targeted Internet Advertising, as set forth by the Notice Provider and agreed upon by the Parties.

8.3    Without limiting the foregoing, Direct Notice shall be via electronic mail to all Settlement Class members whose email information is in either Defendants' possession or Released Parties' possession, if it can be reasonably obtained. If any email results in a bounce-back or otherwise undeliverable message, the Settlement Class Notice shall be delivered by postcard if Defendants possess a mailing address, sent at the specified rate for postcards established by the United States Postal Service, to the last known physical address of the addressee of such email.

8.4    Pursuant to a separate agreement between Mobile Messenger and the Claims Administrator, the cost of the Settlement Class Notice, the Notice Plan and the dissemination of the Settlement Class Notice are Claims Administration Expenses shall be paid by Mobile Messenger. In the event Mobile Messenger fails to pay the aforementioned costs and expenses, such costs and expenses shall be borne by CF Enterprises. Under no circumstance shall Plaintiff, Class Counsel, or Settlement Class members be responsible for the payment of such costs and expenses.

**AMENDED AND RESTATED STIPULATION OF SETTLEMENT**

9.  **OPT-OUT PROCEDURES AND OBJECTIONS**

9.1     A member of the Settlement Class may opt out of the Settlement Class at any time during the Opt-Out Period, as will be outlined in the Settlement Class Notice.  Opt-out requests must be post-marked at least twenty-one (21) days prior to the date set forth in the Notice for the Final Fairness Hearing.  In order to exercise the right to opt out, the Settlement Class member must complete and timely return a Request For Exclusion and mail it to the designated mailing address to be established by the Claims Administrator.  Except for those Settlement Class members who have opted out, all Settlement Class members will be bound by this Agreement and the Judgment to be entered following final approval of this Agreement.  Any Settlement Class member who elects to opt out of the Settlement Class shall not (i) be bound by any orders or Judgment entered in this Action; (ii) be entitled to relief under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  To be valid, a Request for Exclusion must be personally signed by the Person requesting exclusion.  So called "mass" or "class" opt-outs shall not be allowed.

9.2     Each Settlement Class member desiring to object to the settlement shall submit a timely written notice of his or her objection.  Such notice shall state:  (i) the objector's full name, address, telephone number, and e-mail address; (ii) information identifying the objector as a Settlement Class member; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear or testify at the Final Fairness Hearing; (viii) the objector's

signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.  To be timely, written notice of an objection in the appropriate form must be filed with the U.S. District Court of Nebraska, Clerk of the District Court, 111 South 18th Plaza, Suite 3259, Omaha, NE 68102, twenty-one (21) days prior to the date set in the Notice for the Final Fairness Hearing, and served concurrently therewith upon Class Counsel Ben Barnow, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, IL 60602; and counsel for CF Enterprises Pty Ltd., Michael T. Hilgers, Esq., Gober Hilgers PLLC, 14301 FNB Parkway, Suite 100 , Omaha, NE 68154.

9.3     Any Settlement Class member who fails to comply with Section 9.2 above shall waive and forfeit any and all rights he, she, or it may have to appear separately and object, and shall be bound by all the terms of this Amended and Restated Stipulation of Settlement and by all proceedings, order, and judgments, including, but not limited to, the release of Settled Claims, the Final Approval Order, and the Judgment in the Action.  The exclusive means for any challenge to this Amended and Restated Stipulation of Settlement shall be through the objection provisions of Section 9.2.  Without limiting the foregoing, any challenge to the Amended and Restated

**AMENDED AND RESTATED STIPULATION OF SETTLEMENT**

Stipulation of Settlement, Final Approval Order, or Judgment in the Action shall be pursuant to appeal under the Federal rules of Appellate Procedure and not through a collateral attack.

## 10.   **TERMINATION OF AGREEMENT**

10.1     Plaintiff, on behalf of the Settlement Class, or CF Enterprises, shall have the right to terminate this Settlement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days, whichever is later, of:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Judgment in this Action in any material respect; (iv) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an alternative form Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

10.2     If more than three thousand (3000) Settlement Class members timely file valid Requests for Exclusion, CF Enterprises in the exercise of its sole discretion shall have the right to terminate this Agreement.  CF Enterprises shall exercise such termination, if at all, no later than ten (10) business days after being advised by Class Counsel in writing of the number of valid Requests for Exclusion. In the event CF Enterprises exercises its right of termination, CF Enterprises shall promptly notify Class Counsel and cause the Claims Administrator to notify the Settlement Class by posting information on the Settlement Class Website and e-mailing information to those Settlement Class members who provided an e-mail address to the Claims Administrator.

## 11.   <u>EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT</u>

11.1    This Agreement shall be the sole and exclusive remedy of Settlement Class members, except as otherwise stated herein, against any Released Party relating to any and all Settled Claims.  No Released Party shall be subject to liability or expense of any kind to any Settlement Class member who has not timely filed a valid Request for Exclusion with respect to any Settled Claim.  Upon the occurrence of the Effective Date, each and every Settlement Class member shall be permanently barred and enjoined from initiating, asserting and prosecuting any Settled Claim(s) against any Released Party in any court, tribunal, forum or proceeding, except as otherwise provided herein.

11.2    The Settling Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Action, the Settling Parties, Settlement Class members, and the Claims Administrator in order to interpret and enforce the terms, conditions, and obligations under this Agreement.

## 12.   <u>RELEASES</u>

12.1    Upon the occurrence of the Effective Date, each Settlement Class member who has not timely filed a valid Request for Exclusion, shall be deemed to have and released any and all right to file or participate in a class action or mass action for the claims made or which could have been made in the Action against any Released Party and the claims made or which could have been made against Mobile Messenger and its past and present officers, directors, employees, attorneys, representatives, agents and stockholders (except for Darcy Wedd, Erdolo Eromo, Michael Pajaczkowski and Fraser Thompson who have been named in governmental actions based on or related to the facts and circumstances underlying this Action) relating to the transmission of text messages to Settlement Class members' mobile devices.

12.2    Upon the occurrence of the Effective Date, for good and valuable consideration, Plaintiff, on behalf of himself and the Settlement Class and as the representative of the Settlement Class, shall expressly, and all Settlement Class members who have filed and been paid their Approved Claims as provided for hereunder shall be deemed to have, and by operation of the Judgment as provided in this Agreement shall have, fully, finally, and forever expressly waived and relinquished with respect to Settled Claims, to the fullest extent permitted by law, any and all provisions, rights, and benefits of section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Additionally, Settlement Class members who have filed and been paid their Approved Claims as provided for hereunder shall be deemed to have, and by operation of the Judgment as provided in this Agreement shall have, fully, finally, and forever expressly waived and relinquished any right to bring claims against Mobile Messenger relating to the transmission of text messages to Settlement Class members' mobile devices including, but not limited to, claims under the Telephone Consumer Protection Act.  In addition to the exclusion rights and no release from any Settlement Class member that opts out, Settlement Class members who do not file a claim hereunder, and do not opt out, shall retain their individual rights to sue for the complained-of conduct forming the basis of this litigation, but shall give up their right to commence or participate in a class action or a mass action relating to this litigation.

13.   **CLASS COUNSEL FEES, COSTS, AND EXPENSES AND PLAINTIFF'S INCENTIVE AWARD, AND COSTS**

13.1    <u>The Fee Award</u>.  The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and incentive award to Plaintiff until after the substantive terms of the first settlement agreement presented in this litigation had been agreed upon, other than that Defendants would pay reasonable attorneys' fees, costs, expenses and an incentive award to Plaintiff, as may be agreed to by Defendants and Class Counsel and approved by the Court.  CF Enterprises and Class Counsel then negotiated and agreed as follows: In addition to the consideration provided to the Settlement Class members pursuant to this Agreement, CF Enterprises has agreed to pay Class Counsel, subject to Court approval, an amount up to $125,000 in attorneys' fees and reimbursement of costs and expenses (the "Maximum Fee Amount").  CF Enterprises agrees that the Maximum Fee Amount is fair and reasonable and will not object to or otherwise challenge Class Counsel's application for reasonable attorneys' fees and for reimbursement of costs and other expenses if limited to the Maximum Fee Amount.  Class Counsel has, in turn, agreed not to seek more than the Maximum Fee Amount from the Court.  The amount so awarded by the Court shall be referred to as the "Fee Award."

13.2    <u>Payment of the Fee Award</u>.  Notwithstanding any appeal or objection or challenge to the Court's final approval of the Agreement, including the Fee Award, provided Class Counsel provides adequate security (bank escrow account of the entire Fee Award) for the recovery of amounts paid in the event of reversal on appeal of the final approval of the Agreement, CF Enterprises shall pay (by wire) to Class Counsel the Fee Award approved by the Court within sixty (60) days after entry of the order approving such award of fees and reimbursement of costs and

expenses.  Absent the provision of acceptable security, CF Enterprises shall pay the Fee Award to Class Counsel by wire transfer within sixty (60) days of the Effective Date.

13.3     Plaintiff's Incentive Award.  In addition to any award under the Agreement, and in recognition of Plaintiff's efforts on behalf of the Settlement Class, the Plaintiff shall, subject to Court approval, receive an incentive award of the sum of $2,500 as appropriate compensation for the time and effort serving as the Class Representative in this Action.  CF Enterprises shall pay such amount to the Class Representative, in care of Class Counsel, within thirty (30) days after the Effective Date.

## 14.     SETTLEMENT APPROVAL ORDER

14.1     The Agreement is subject to and conditioned upon the issuance by the Court of the Judgment which grants final approval of this Agreement in accordance with applicable jurisprudence, and providing the relief specified below, which relief shall be subject to the terms and conditions of this Agreement, the occurrence of the Effective Date and the Settling Parties' performance of their continuing rights and obligations hereunder.  Such Judgment shall:

(a)     Decree that neither the Judgment nor the Agreement constitute an admission by CF Enterprises of any liability or wrongdoing whatsoever;

(b)     Bar and enjoin all Settlement Class members from asserting against any Released Party any and all Settled Claims except, as provided for herein;

(c)     Release each Released Party from the Settled Claims which any Settlement Class, except as provided for herein;

(d)     Determine that the Agreement is entered into in good faith, is fair, reasonable, and adequate, in the best interest of the Settlement Class; and

**AMENDED AND RESTATED STIPULATION OF SETTLEMENT**

(e)      Preserve the Court's continuing and exclusive jurisdiction over the Settling Parties to the Agreement, including CF Enterprises and all Settlement Class members, to administer, supervise, construe and enforce the Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment.

## 15.    **REPRESENTATIONS AND WARRANTIES**

Each Settling Party represents and warrants (i) that it has all requisite corporate power and authority to execute, deliver and perform the Agreement and to consummate the transactions contemplated hereby; (ii) that the execution, delivery and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of such Settlement Party (if applicable); and (iii) that the Agreement has been duly and validly executed and delivered by such Settling Party and constitutes its legal, valid and binding obligation.

## 16.    **MISCELLANEOUS PROVISIONS**

16.1.    Entire Agreement.  The Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Settling Parties with regard to the subject matter of the Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of the Agreement.  The Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval.  The Settling Parties contemplate that, subject to Court approval, the exhibits to the Agreement may be modified by subsequent Agreement of CF Enterprises and Class Counsel prior to dissemination to the Settlement Class.

16.2    Governing Law.  The Agreement shall be construed under and governed by the laws of the State of Nebraska, applied without regard to laws applicable to choice of law.

16.3   <u>Execution by Counterparts</u>.  The Agreement may be executed by the Settling Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Facsimile signatures or signatures sent by e-mail (PDF) shall be treated as original signatures and shall be binding.

16.4   <u>Confirmatory Discovery</u>.  By no later than sixty (60) days after the Court preliminarily approves the Agreement, or such other date as the Settling Parties may agree, Class Counsel shall complete all discovery required to effectuate the Agreement, including but not limited to the accuracy of all Settlement Class identification information for Settling Class Notice purposes, and to verify the representations made by any of Defendants leading up to the Agreement. Such discovery shall be completed, in Class Counsel's discretion reasonably applied, by witnesses, sworn statements, document requests, interrogatories, and depositions.  Such discovery shall extend into Defendants' defenses.  The Settling Parties shall cooperate in seeking any third-party discovery as may be necessary and appropriate, which additional discovery is to be completed prior to the Fairness Hearing.

16.5   <u>Notices</u>.  All notices to the Parties or counsel required by the Agreement, in addition to Settlement Class members' opt-out and objection obligations and procedures under Sections 9.1 and 9.2 *supra*, shall be made in writing and communicated by U.S. mail and email to the following addresses:

If to Plaintiff or Plaintiff's Counsel or Class Counsel:

    Ben Barnow
    Barnow and Associates, P.C.
    One North LaSalle, Suite 4600
    Chicago, IL 60602
    Email: b.barnow@barnowlaw.com

    Ralph Phalen
    Ralph K. Phalen, Attorney at Law

1000 Broadway Ste. 400
Kansas City Mo. 64105


If to CF Enterprises Pty Ltd., or counsel for CF Enterprises Pty Ltd.:

Michael T. Hilgers
GOBER HILGERS PLLC
14301 FNB Parkway, Suite 100
Omaha, NE 68154
email: mhilgers@goberhilgers.com

16.6    <u>Miscellaneous Provisions</u>

16.6.1 The Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors and legal representatives of all Parties to the Agreement.

16.6.2  Subject to Court approval, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

16.6.3  The determination of the terms of, and the drafting of, the Agreement has been by mutual agreement after mediation and negotiation, with consideration by and participation of all Parties hereto and their counsel.  Accordingly, the rule of construction that any ambiguities are to be construed against the drafter shall have no application.

16.6.4  The waiver by one Party of any provision or breach of the Agreement shall not be deemed a waiver of any other provision or breach of the Agreement.

16.6.5  Within 10 days of the execution of this Agreement, the Settling Parties will jointly move the Court for a stay of the Action pending a determination of the fairness, reasonableness, and adequacy of the Agreement. CF Enterprises and Plaintiff will file an agreed motion to stay CF Enterprises pending appeal no later than three (3) business days after the Court grants the above-referenced motion to stay.

**AMENDED AND RESTATED STIPULATION OF SETTLEMENT**

17.     **AUTHORITY TO SIGN**

Any individual signing the Agreement on behalf of any Person represents and warrants that he or she has full authority to do so.  Facsimile signatures and PDFs of signature pages sent via email shall be considered valid signatures as of the date hereof.

IN WITNESS WHEREOF, each of the Settling Parties hereto has caused the Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

**AGREED:**

**PLAINTIFF by its attorneys:**

**Proposed CLASS COUNSEL**

Dated: 12/9/, 2015                Barnow and Associates, P.C.

Ben Barnow
Barnow and Associates, P.C.
1 North LaSalle, Suite 4600
Chicago, IL 60602

AMENDED AND RESTATED STIPULATION OF SETTLEMENT

Telephone: 312.621.2000
Facsimile: 312.641.5504
b.barnow@barnowlaw.com

Dated: _12-7___, 2015

Ralph K. Phalen Law, P.C.

_____

Ralph K. Phalen
Ralph K. Phalen Law, P.C.
1000 Broadway, Suite 400
Kansas City, MO 64105
Telephone: 816.589.0753
Facsimile: 816.471.1701
phalenlaw@yahoo.com

**CF ENTERPRISES PTY LTD., by its Director or duly authorized signatory, as indicated:**

Dated: ⎸2 ⎸ , 2015

CLINTON TODD NESBITT

**CF ENTERPRISES PTY LTD by its attorney:**

Dated: ⎸2 ⎸ , 2015

Michael T. Hilgers, Esq.
GOBER HILGERS PLLC
14301 FNB Parkway, Suite 100
Omaha, NE 68154
Email: mhilgers@goberhilgers.com

AMENDED AND RESTATED STIPULATION OF SETTLEMENT

# EXHIBIT A

Dahl Settlement Administrator
P.O. Box _____
Minneapolis, MN _____

In the United States District Court for the District of Nebraska
*Cullan and Cullan LLC v. m-Qube, Inc., et al.*
Case No. 8:13-cv-00172

---

1. If you wish to apply for a payment related to a Subscription Charge Claim and/or a Message Claim, you must either mail this claim form, or submit your claim via the settlement website, **www.xxxxxxx.com**.

2. To be eligible for a payment, fit within one or both of the definitions of the Settlement Classes:

    (a) The Settlement Class for the CF Enterprises Settlement is defined as:

    All current and former Wireless Subscribers Nationwide, who at any time from January 31, 2011, to [the Notice Date], received a text message from any Message Claim Shortcode or relating to a Message Claim Program. "Message Claim Shortcode" means the following shortcodes: 25872, 29104, 33288, 44329, 49712, and 70451.        "Message Claim Program" means the following programs: searchyourhoroscope.com; tuneztogo.com;   hearmemobile.com; myringtonespot.com; cellsafari.com; tonezgalore.com; urzodiachoroscopes.com; and fonezoneportal.com.

    (b) The Settlement Class for the Mobile Messenger Settlement is defined as:

    All current and former Wireless Subscribers Nationwide, who at any time from January 1, 2010, to [the Notice Date], incurred any charge, whether paid or not, associated with any of the billing descriptors, shortcodes, and program names set forth on Exhibit B [to the Mobile Messenger Settlement Agreement and posted on the Settlement Website]; or (b) at any time from January 1, 2010, to [the Notice Date], received any message from a Premium Short Code registered at the CTIA to (i) any organization recognized as exempt from federal income taxation under I.R.C. § 501(c)(3) or I.R.C. § 501(c)(4), or (ii) federal political committees registered with the Federal Election Commission.

For more information, please go to **www.xxxxxxx.com or call toll-free, 1-888-___-_____.**

3. You must submit your completed claim online or mail a paper claim postmarked no later than _____, 2013.  If you elect to submit a paper claim, send your completed form to:

    **Dahl Settlement Administrator, P.O. Box ____,  Minneapolis, MN____**

4. QUESTIONS? Visit the settlement website at **www.xxxxxxx.com** or call toll-free, 1-888-__-____.

---

## CLAIM FORM

### CLAIMANT INFORMATION

Individual Name: _____
                    First Name                      MI     Last Name

Company Name: _____
                    (if applicable)

Mailing Address: _____
                    Street Address or P.O. Box

                    _____

                    _____
                    City                      State     ZIP Code

Telephone:   ( _____ ) _____ ( _____ ) _____
                    Daytime                      Evening

Email Address*: _____
*If you previously emailed any of the Defendants (Mobile Messenger, m-Qube, CF Enterprises Pty. Ltd.), make sure you provide the email address you used for that communication. Otherwise, please provide the email address you wish to be contacted through in the event the Claim Administrator needs to email you.

**Subscription Charge Claim**

A member of the Mobile Messenger Settlement Class may complete and submit a Subscription Charge Claim.  Mobile Messenger will pay any Mobile Messenger Settlement Class member who submits a valid Subscription Charge Claim the amount of $30 for each Subscription Charge Claim.  A Subscription Charge Claim may be made for each unauthorized charge to the Settlement Class member's mobile phone bill associated with any of the billing descriptors, shortcodes, and program names set forth on Exhibit B to the Mobile Messenger Settlement Agreement. Mobile Messenger's payment of all valid Subscription Charge Claims is without any limited Settlement Fund or monetary cap, except that payment for approved Subscription Charge Claims will exclude amounts over $20.00 that a Claimant has already been refunded or reimbursed at the time such Claimant's Claim Form is submitted.

Mobile Device Phone Number*:  (_____  )  _____  _____

*Provide the Mobile Device Phone Number that incurred any charge for which you are making a Subscription Charge Claim.

Date of each complained-of charge:

Dollar amount of each complained-of charge for which you did not receive a refund or credit:

Total dollar amount of all complained-of charges for which you did not receive a refund or credit:

I certify, under the penalty of perjury, to the best of my recollection and belief, that the aforementioned subscription charges were unauthorized and I did not request or receive a refund from any source for the charge(s) for which I am making a Subscription Charge Claim.

Date:_____           _____
                                                                                      (signature of Claimant or Company Officer)

**Message Claim**

A member of the CF Enterprises Settlement Class may complete and submit a Message Claim.  CF Enterprises shall pay any CF Enterprises Settlement Class member who submits a Valid Message Claim $65 per unauthorized message (text message or any individual charge to the mobile phone bill of a Wireless Subscriber). The claims may be prorated if the total value of Valid Message Claims exceeds $1,000,000. A Message Claim can be made for each of the unsolicited text messages (up to 3 unauthorized messages per Settlement Class member) generated by or from CF Enterprises from a Message Claim Shortcode that the Settlement Class member asserts he, she, or it received unsolicited text messages generated by or from CF Enterprises. "Message Claim Shortcodes" mean the following shortcodes: 25872, 29104, 33288, 44329, 49712, and 70451. "Message Claim Program" means the following programs: searchyourhoroscope.com; tuneztogo.com; hearmemobile.com; myringtonespot.com; cellsafari.com; tonezgalore.com; urzodiachoroscopes.com; and fonezoneportal.com.

For more information, please go to **www.xxxxxxx.com** or call toll-free, 1-888-___-_____.

Mobile Device Phone Number*:  (_____)  _____

*Provide the Mobile Device Phone Number that received any message for which you are making a Message Claim.

State the number of unsolicited text messages you received for which you are making a claim:

I certify, under the penalty of perjury, to the best of my recollection and belief, that the text message was unsolicited and I did not request or receive a refund from any source for the charge(s) for which I am making a Message Claim.

Date:_____           _____
                                                                                      (signature of Claimant or Company Officer)

**DECLARATION  [REQUIRED FOR ALL CLAIMS]**

I declare that all of the information submitted on this claim form is true and correct to the best of my knowledge.

_____           _____
Signature of Claimant or Company Officer                                            Date (mm/dd/yyyy)

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| Cullan and Cullan LLC, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>m-Qube, Inc., et al.,<br><br>    Defendants. | **Case No. 8:13-cv-00172** |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENTS**

**YOUR LEGAL RIGHTS MIGHT BE AFFECTED BY THESE SETTLEMENTS.
PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

Class action settlements have been reached under which your rights may be affected. A full copy of each of the Amended and Restated Stipulations of Settlements ("Settlements") may be reviewed at the Settlement website: **www.XXXXXXXXX.com**. This Notice contains only a summary of the Settlements.  All capitalized terms not defined herein refer to capitalized terms defined in the Settlements, located at **www.XXXXXXXXX.com**.

Plaintiff and defendants in an Action captioned *Cullan and Cullan LLC v. m-Qube, Inc., et al.,* No. 8:13-cv-00172 (District of Nebraska) have executed two Settlements—one Settlement between Plaintiff and defendant CFE Enterprises Pty., Ltd. ("CF Enterprises"), and one Settlement between Plaintiff, on one hand, and defendants Post SMS. Co. Americas, Inc., formerly known as Mobile Messenger Americas, Inc., and Post SMS Co. Qube, Inc., formerly known as m-Qube, Inc. (collectively, "Mobile Messenger"), on the other hand.

You are a member of the CF Enterprises Settlement Class if you are a current or former Wireless Subscriber Nationwide, who at any time from January 31, 2011, to [the Notice Date], received a text message from any Message Claim Shortcode or relating to a Message Claim Program. "Message Claim Shortcode" means the following shortcodes: 25872, 29104, 33288, 44329, 49712, and 70451. "Message Claim Program" means the following programs: searchyourhoroscope.com; tuneztogo.com; hearmemobile.com; myringtonespot.com; cellsafari.com; tonezgalore.com; urzodiachoroscopes.com; and fonezoneportal.com.

You are a member of the Mobile Messenger Settlement Class if you: (a) are a current or former Wireless Subscriber Nationwide, who at any time from January 1, 2010, to [the Notice Date], incurred any charge, whether paid or not, associated with any of the billing descriptors, shortcodes, and program names set forth on Exhibit B to the Mobile Messenger Settlement Agreement and posted on the Settlement Website at www.XXXXXXXXX.com; or (b) at any time from January 1, 2010, to [the Notice Date], received any message from a Premium Short Code registered at the CTIA to (i) any organization recognized as exempt from federal income taxation under I.R.C. § 501(c)(3) or I.R.C. § 501(c)(4), or (ii) federal political committees registered with the Federal Election Commission.

1

Excluded from the Settlement Classes are the following: CF Enterprises and Mobile Messenger (collectively, "Defendants"); any parent, subsidiary, affiliate and control persons of Defendants; any officers, directors, agents, servants, and employees of Defendants; the Claims Administrator;  any trial judge presiding over this case; and the immediate family members of any such Person(s).

If you are a Settlement class member and you wish to file a claim, object to the Settlements, or exclude yourself from the Settlements, you must do so following the procedures outlined in this Notice.

## WHAT THIS NOTICE CONTAINS

This Notice is to advise you of the status of the lawsuit, the terms of the proposed Settlements, and your rights in connection with the proposed Settlements. This is not a lawsuit against you. A full copy of each of the Settlements can be reviewed at the Settlement website: **www.XXXXXXXXX.com**. This Notice contains only a summary of the Settlements. The Settlements have been preliminarily approved by the Court.

## 1. What Is the Lawsuit About?

In this Action, Plaintiff alleges claims for damages and injunctive relief against Defendants arising from alleged unsolicited text messages sent from Premium Shortcodes related to Mobile Content, such as ringtones, news and information alerts, and other digital and electronic content to wireless telephone subscribers, and the sale and billing of allegedly unauthorized Mobile Content to wireless telephone subscribers.

## 2. Why Are There Settlements?

The parties recognize that there is substantial risk for all involved and have agreed that rather than continue litigation for months and possibly years, a resolution at this point is in the best interests of all. Plaintiff believes it will prevail and Defendants believe they will prevail. Because there are substantial issues that can affect the end result of the case, the parties have decided to settle the case to avoid the risk of future litigation and to provide benefits to the Class.

## 3. Are the Settlements Admissions of Liability?

No.  The Settlements provide that they shall <u>not</u> be deemed or construed as an admission or evidence of the validity of any claim or any fact alleged by Plaintiff in this Action or in any other pending or future action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or admission by Defendants of any claim or allegation made in this Action or in any other pending or future action. Defendants decided, despite their belief that they are not liable for the claims asserted, to enter into the respective Settlements to avoid the further expense, inconvenience, and burden of this litigation and to avoid the distraction and diversion of Defendants' personnel and resources. The Settlements further provide that Plaintiff and Defendants concluded that it would be in their respective best interests to enter into the Settlements in order to avoid the uncertainties of litigation and potential lengthy appeals.

## 4. Who Is Included in the Settlements?

You are included in one or both of the Settlements if you fit within one or both of the definitions of the Settlement Classes.

The Settlement Class for the CF Enterprises Settlement is defined as:

> [A]ll current and former Wireless Subscribers Nationwide, who at any time from January 31, 2011, to [the Notice Date], received a text message from any Message Claim Shortcode or relating to a Message Claim Program. Excluded from the Class are the following: Defendants, the Claims Administrator, and any of aforementioned respective parent, subsidiary, affiliate and control persons of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants, any trial judge presiding over this case, and the immediate family members of any such Person(s).

> "Message Claim Shortcode" means the following shortcodes: 25872, 29104, 33288, 44329, 49712, and 70451. "Message Claim Program" means the following programs: searchyourhoroscope.com; tuneztogo.com; hearmemobile.com; myringtonespot.com; cellsafari.com; tonezgalore.com; urzodiachoroscopes.com; and fonezoneportal.com.

The Settlement Class for the Mobile Messenger Settlement is defined as:

> [A]ll current and former Wireless Subscribers Nationwide, who at any time from January 1, 2010, to [the Notice Date], incurred any charge, whether paid or not, associated with any of the billing descriptors, shortcodes, and program names set forth on Exhibit B [to the Mobile Messenger Settlement Agreement and posted on the Settlement Website]; or (b) at any time from January 1, 2010, to [the Notice Date], received any message from a Premium Short Code registered at the CTIA to (i) any organization recognized as exempt from federal income taxation under I.R.C. § 501(c)(3) or I.R.C. § 501(c)(4), or (ii) federal political committees registered with the Federal Election Commission. Excluded from the Class are the following: Defendants, the Claims Administrator, and any of aforementioned respective parent, subsidiary, affiliate and control persons of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants, any trial judge presiding over this case, and the immediate family members of any such Person(s).

## 5. Who Are the Defendants and Released Parties?

Defendants are Mobile Messenger and CF Enterprises.  With respect to the CF Enterprises Settlement, Released Parties mean CF Enterprises, as well as its respective predecessors and successors, and its past and present officers, directors, employees, attorneys, representatives, agents and stockholders. With respect to the Mobile Messenger Settlement, Released Parties mean Mobile Messenger, as well as their respective predecessors and successors, and their past and present officers, directors, employees, attorneys, representative, agents, and stockholders, except for Darcy Wedd, Erdolo Eromo, Michael Pajaczkowski and Fraser Thompson, who have been named in governmental actions based on or related to the facts and circumstances underlying this Action.

## 6. What Are the Terms of the Settlements?

A member of the Mobile Messenger Settlement Class may complete and submit a Subscription Charge Claim. A member of the CF Enterprises Settlement Class may complete and submit a Message Claim. Claims may be submitted electronically at the Settlement website: **www.XXXXXXXXX.com**. or through the submission of a paper form. The Mobile Messenger Settlement provides that Mobile Messenger will pay

any Mobile Messenger Settlement Class member who submits a valid Subscription Charge Claim the amount of $30 for each Subscription Charge Claim.  A Subscription Charge Claim may be made for each unauthorized charge to the Settlement Class member's mobile phone bill associated with any of the billing descriptors, shortcodes, and program names set forth on Exhibit B to the Mobile Messenger Settlement Agreement. Mobile Messenger's payment of all valid Subscription Charge Claims is without any limited Settlement Fund or monetary cap, except that payment for approved Subscription Charge Claims will exclude amounts over $20.00 that a Claimant has already been refunded or reimbursed at the time such Claimant's Claim Form is submitted.

The CF Enterprises Settlement provides that CF Enterprises shall pay any CF Enterprises Settlement Class member who submits a Valid Message Claim $65 per unauthorized message (text message or any individual charge to the mobile phone bill of a Wireless Subscriber). The claims may be prorated if the total value of Valid Message Claims exceeds $1,000,000. A Message Claim can be made for each of the unsolicited text messages (up to 3 unauthorized messages per Settlement Class member) generated by or from CF Enterprises from a Message Claim Shortcode that the Settlement Class member asserts he, she, or it received unsolicited text messages generated by or from CF Enterprises. "Message Claim Shortcodes" mean the following shortcodes: 25872, 29104, 33288, 44329, 49712, and 70451. "Message Claim Program" means the following programs: searchyourhoroscope.com; tuneztogo.com; hearmemobile.com; myringtonespot.com; cellsafari.com; tonezgalore.com; urzodiachoroscopes.com; and fonezoneportal.com.

---

## 7. Can I Opt Out of the Settlements?

---

If you are a member of one or both of the Settlement Classes and do not wish to participate in, and be bound by, one or both of the proposed Settlements, you have the right to exclude yourself ("opt out") from the respective Settlement Class. To opt out of one or both of the Settlement Classes, you must complete and return a Request for Exclusion and mail it to the Claims Administrator [mailing address to be established by the Claims Administrator]. The opt-out must be postmarked no later than [twenty-one (21) days prior to the Fairness Hearing]. The Request for Exclusion must state your name, address, telephone number, and date of birth, and clearly state that you want to be excluded from (1) the Mobile Messenger Settlement Class, (2) the CF Enterprises Settlement Class, or (3) both Settlement Classes.  If you opt out of a Settlement Class, you will not be bound by the terms of the respective Settlement or any final judgment as they apply to Settlement Class members, you will not be entitled to receive any payment as provided for under the respective Settlement, and you may not object to the respective Settlement.

---

## 8. Am I Bound by the Settlements?

---

All persons falling within the definition of either of the Settlement Classes will be bound by the terms of the applicable Settlement(s) and final judgment unless they validly opt out of the respective Settlement(s).

---

## 9. Do I Have a Lawyer in this Case?

---

The Court-appointed Settlement Class Counsel are:

Ben Barnow, Esq.                          Ralph Phalen, Esq.
Barnow and Associates, P.C.               The Law Offices of Ralph K. Phalen
1 N. LaSalle St., Suite 4600              1000 Broadway, Suite 400
Chicago, IL 60602                         Kansas City, MO 64105
312-621-2000                              816-589-0753

## 10. How Will the Lawyers be Paid?

Counsel for the Class in this lawsuit will apply to the Court for an award of attorneys' fees, costs, and expenses. CF Enterprises has agreed to pay Class Counsel, subject to Court approval, an amount up to $125,000 in attorneys' fees and reimbursement of costs and expenses. Mobile Messenger has agreed to pay Class Counsel, subject to Court approval, an amount up to $485,000. These amounts are to be paid by Defendants separate and apart and in addition to any other moneys payable to the Class. Defendants agree to pay these amounts and not to oppose such application for fees, costs, and expenses. Subject to Court approval, Mobile Messenger and CF Enterprises have each agreed to pay an incentive award to Plaintiff in the amount of $2,500, for a total of $5,000, for its time and effort in fulfilling its obligations and responsibilities as Class Representative.  That incentive award payment is separate and in addition to the other amounts due the Class under the settlement.

## 11. Has the Court Decided on the Settlements?

The Court has provisionally certified the Settlement Classes, pursuant to Fed. R. Civ. P. 23, for settlement purposes only. In addition, the Court has preliminarily approved the terms of the Settlements. If the Settlements are not granted final approval by the Court, then the lawsuit will return to its litigation posture.

## 12. When and Where Will the Court Decide to Approve the Settlements?

A Fairness Hearing ("Hearing") will be held on _____, 2016, at _____ in the U.S. District Court for the District of Nebraska before the Honorable Thomas D. Thalken, to determine whether the proposed Settlement is fair, reasonable, and adequate. The date is subject to change; any change will be posted on the Settlement website at www.**XXXXXXXXX**.com. Class Counsel recommend acceptance of the proposed Settlements and believe they are in the best interest of the members of the Settlement Classes.

## 13. How Do I Object to the Settlements?

Any member of either of the Settlement Classes may object to the respective Settlement(s) by timely submitting a written notice of objection, which must state:  (i) the objector's full name, address, telephone number, and e-mail address; (ii) information identifying the objector as a member of one or both of the Settlement Classes (for members of the Mobile Messenger Settlement Class, the information provided must include proof that the objector is a member of said class (e.g., a wireless bill showing a charge for Mobile

Content related to Mobile Messenger)); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Hearing; (vi) a list of all persons who will be called to testify at the Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear or testify at the Hearing; (viii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative. To be timely, written notice of an objection in the appropriate form must be filed with the U.S. District Court of Nebraska, Clerk of the District Court, 111 South 18th Plaza, Suite 3259, Omaha, NE 68102, on or before [date twenty-one (21) days prior Fairness Hearing], and served concurrently therewith upon:

| Class Counsel: | Mobile Messenger's Counsel: | Counsel for CF Enterprises: |
|---|---|---|
| Ben Barnow, Esq. | Ari N. Rothman, Esq. | Michael T. Hilgers, Esq. |
| Barnow and Associates, P.C. | Venable LLP | Gober Hilgers PLLC |
| One N. LaSalle St. | 575 7th Street, N.W. | 14301 FNB Parkway, |
| Ste. 4600 | Washington, D.C. 20004 | Ste. 100 |
| Chicago, IL 60602 | | Omaha, NE 68154 |

Any objectors who fail to properly or timely file their objections with the Court and counsel, as set forth above, shall not be heard during the Fairness Hearing, unless the Court rules otherwise.

---

## 14. How do I file a Claim?

---

If you are an eligible member of one or both of the Settlement Classes and you do not exclude yourself from the respective Settlement(s), you may complete and submit a Subscription Charge Claim and/or a Message Claim, as applicable to you. Claims can be made by one of the two following ways:

1. Online at www.**XXXXXXXXX**.com by [sixty (60) days after the date set for the Hearing], or

2. Alternatively, you can call [toll free number], provide your name and address, and receive a paper Claim Form. Paper Claim Forms may be mailed to the Claims Administrator and must be postmarked on or before [sixty (60) days after the date set for the Hearing].

Claims for distribution submitted after [sixty (60) days after the date set for the Hearing] will not be paid. If the Settlements are approved by the Court after the Hearing, if you have timely submitted a valid Claim by the deadline of [sixty (60) days after the date set for the Hearing], and if the Claims Administrator has confirmed your eligibility and validity of your claim, you will be sent a check for the value of your valid Claim, as set forth herein.

## 15. How Will I Receive Payments?

The Claims Administrator will verify the eligibility of each Class Member who submitted a valid Claim and will determine the amount of the check to be issued, if any, to which the Class Member is entitled. Provided that the Effective Date has occurred, the Claims Administrator shall pay all Approved Claims by check and mail them to the Claimant via first-class mail within thirty (30) days of the Claims Deadline, or the earliest date thereafter when a claim for a settlement payment becomes an Approved Claim. In the event that it is reasonably possible that the amount per claim may need to be pro-rated, the time will be extended by 60 days after the amount per claim can be reasonably calculated, but in no event later than 9 months after the close of the Claims Deadline.

**Disputes**

Mobile Messenger shall have thirty (30) days to dispute any Claim Form for a Settlement Benefit approved by the Claims Administrator.  Any Settlement Class member whose Claim Form for a Settlement Benefit is denied, in whole or in part, by the Claims Administrator, shall also have thirty (30) days to dispute the denial of the claim.  In either case, each party shall receive written notice that the denial/approval of the Claim Form shall be provided an "Appeal Form" wherein the appealing party must provide a detailed written explanation as to why the Claims Administrator erred in its denial/approval of the Claim Form for a Settlement Benefit.

All appeals shall be submitted to one independent person agreed upon by the Settling Parties and approved by the Court (the "Special Master"). All appeals will be based solely on the submissions, including any records provided by Defendants. In order to overrule the decision of the Claims Administrator to approve/deny a Claim Form for a Settlement Benefit, the Special Master will explain in writing the basis for the finding. All decisions regarding the denial/approval of any Claim Form submitted and ruled upon by the Special Master are final.

## 16. How Do I Get More Information?

This Notice is intended to be a summary of the terms of the Settlements. The Settlements and Claim Form may be viewed on the Settlement website at www.**XXXXXXXXX**.com. The pleadings and other papers filed in this lawsuit are available for inspection and/or copying at the Court. Further inquiries can be directed to the Claims Administrator, at 1-8XX-XXX-XXXX.

PLEASE DO NOT CALL THE COURT OR THE
CLERK'S OFFICE ABOUT THESE SETTLEMENTS.

DATE: _____, 2016                                          BY ORDER OF THE COURT

In the United States District Court for the District of Nebraska
*Cullan and Cullan LLC v. m-Qube, Inc., et al.*, Case No. 8:13-cv-00172
**NOTICE OF PROPOSED CLASS ACTION SETTLEMENTS**
**YOUR LEGAL RIGHTS MIGHT BE AFFECTED BY THESE SETTLEMENTS.**
**PLEASE READ THIS NOTICE CAREFULLY.**

You are receiving this because you may be a member of one or both of the following Settlement Classes:

The CF Enterprises Settlement Class is defined as: [A]ll current and former Wireless Subscribers Nationwide, who at any time from January 31, 2011, to the Notice Date, received a text message from any Message Claim Shortcode or relating to a Message Claim Program. "Message Claim Shortcode" means the following shortcodes: 25872, 29104, 33288, 44329, 49712, and 70451. "Message Claim Program" means the following programs: searchyourhoroscope.com; tuneztogo.com; hearmemobile.com; myringtonespot.com; cellsafari.com; tonezgalore.com; urzodiachoroscopes.com; and fonezoneportal.com.

The Mobile Messenger Settlement Class is defined as: [A]ll current and former Wireless Subscribers Nationwide, who (a) at any time from January 1, 2010, to the Notice Date, incurred any charge, whether paid or not, associated with any of the billing descriptors, shortcodes, and program names set forth on Exhibit B [to the Mobile Messenger Settlement Agreement and posted on the Settlement Website]; or (b) at any time from January 1, 2010, to the Notice Date, received any message from a Premium Short Code registered at the CTIA to (i) any organization recognized as exempt from federal income taxation under I.R.C. § 501(c)(3) or I.R.C. § 501(c)(4), or (ii) federal political committees registered with the Federal Election Commission.

Excluded from the Settlement Classes are the following: CF Enterprises and Mobile Messenger (collectively, "Defendants"); any parent, subsidiary, affiliate and control persons of Defendants; any officers, directors, agents, servants, and employees of Defendants; the Claims Administrator; any trial judge presiding over this case; and the immediate family members of any such Person(s).

Defendants CFE Enterprises Pty., Ltd.; Post SMS. Co. Americas, Inc., formerly known as Mobile Messenger Americas, Inc.; and Post SMS Co. Qube, Inc., formerly known as m-Qube, Inc., dispute the claims in the lawsuit and deny any wrongdoing. A negotiated settlement of this the lawsuit has been reached. Under the proposed settlement, **you may be entitled to certain Settlement Benefits.** Settlement Class members can make a claim(s) for Settlement Benefits by using one of the following options no later than _____: **file online at www.XXXXXXX.com or file by mail.**

To file by mail, request a Notice and Claim Form to be mailed to you by calling 1-888-xxx-xxxx. To read a more detailed description of the terms of the proposed Settlements and to read the full Notice, which more fully describes your rights, visit the website, www.XXXXXXX.com. Copies of the Settlements are also available at the website.

If the Settlements are approved by the Court, any legal action you may have against the Released Parties related to the Released Claims described in the Settlements will be released. If you do not wish to be bound by the terms of the Settlements, you must exclude yourself from the Settlements. Or, you may formally object to the Settlements. Visit the Settlements website, www.XXXXXXX.com, for information on how to do so.

All capitalized terms not defined herein refer to capitalized terms defined in the Settlements, located at **www.XXXXXXXX.com**.

# EXHIBIT C

**EXHIBIT C**


[CLAIMS ADMINISTRATOR LETTERHEAD]




[U.S. BANK NAME]
[ADDRESS]
[CITY] [STATE] [ZIP]



Re: Letter of Request of Letter of Credit No. _____, Commonwealth Bank of Australia ABN 48 123 123 124, Institutional Bank, Level 13, 385 Bourke Street, Melbourne, Victoria.


To Whom It May Concern:

Pursuant to November _, 2015 Agreement (the "Agreement"), the Beneficiary of the above-listed letter of credit is the Claims Administrator, Dahl Administration, LLC.

Dahl Administration states that pursuant to the terms and conditions of the Agreement, a claim on behalf of [NAME] in the amount of [AMOUNT] was approved as valid by the Beneficiary and/or the Special Master on [DATE.]  After presentation of the claim to C.F. Enterprises Ltd., C.F. Enterprises Ltd. failed to pay the amount of the claim.  All other terms and conditions of the Agreement have been met.

Accordingly, the Beneficiary hereby makes this request that Letter of Credit No. _____, be drawn upon and payment of [AMOUNT] be made payable to Beneficiary at [CLAIMS ADMINISTRATOR'S FINANCIAL INSTITUTION].

Please contact me if you have any questions.

Best Regards,


[CLAIMS ADMINISTRATOR]

EXHIBIT C – Page 1