IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CULLAN AND CULLAN LLC, individually and on behalf of all others similarly situated;<br><br>            Plaintiff,<br><br>    v.<br><br>M-QUBE, Inc. a Delaware corporation; MOBILE MESSENGER AMERICAS, Inc., a Delaware Corporation;  CF ENTERPRISES PTY., Ltd., an Australian Company; and JOHN DOES 1-200,<br><br>            Defendants. | **8:13CV172**<br><br><br><br>**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter is before the court after a Fairness Hearing on March 9, 2017 on the Representative Plaintiff Cullan and Cullan LLC's ("Representative Plaintiff") Motion for Final Approval of Class Action Settlements, Awards of Attorneys' Fees, Costs and Expenses, and Class Representative Service Awards (Filing No. 204).   The Representative   Plaintiff   and defendants Post SMS. Co. Americas, Inc., formerly known as Mobile Messenger Americas, Inc., and Post SMS Co. Qube, Inc., formerly known as m-Qube, Inc. (collectively, "Mobile Messenger") entered into a class action settlement agreement (the "Mobile Messenger Settlement") filed on December 21, 2015.  Filing No. 168-1, Mobile Messenger Settlement. Representative Plaintiff and defendant CF Enterprises Pty., Ltd. ("CFE") also entered into a class action settlement agreement (the "CFE Settlement") filed on December 21, 2015. Filing No. 166-1, CFE Settlement.


I.      LAW

Federal Rule of Civil Procedure 23(e) requires judicial approval of class action settlements. In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. *DeBoer v. Mellon Mortgage Co.*, 64 F. 3d 1171, 1178 (8th Cir. 1995). Courts in this Circuit analyze the following factors to determine whether a settlement is fair, reasonable, and adequate: "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Huyer v. Njema*, 847 F.3d 934, 939 (8th Cir. 2017); *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). "The most important consideration in the analysis requires balancing the strength of the [representative] plaintiffs' case against the value of the settlement terms to the class." *Marshall v. Nat'l Football League*, 787 F.3d 502, 514 (8th Cir. 2015). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005). The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and whether a skilled mediator was involved. *See Deboer*, 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits, and whether class members were provided with adequate notice and an opportunity to argue their objections to district court. *Id.* at 1176.

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). The Eighth Circuit Court of Appeals has established factors that a court should examine in determining both the reasonableness of a

lodestar award, and the use of a multiplier to enhance the award. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974);[1] *see also Zoll v. E. Allamakee Cmty. Sch. Dist.*, 588 F.2d 246, 252 (8th Cir. 1978) (explaining that the Johnson factors apply to determining both upward adjustments and a reasonable hourly rate).  Service awards to representative plaintiffs encourage members of a class to become class representatives and reward individual efforts taken on behalf of a class. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (awarding incentive award of $25,000).

II.     DISCUSSION

        A.      The Settlements

This court preliminarily approved the proposed Settlement Agreements as fair, reasonable, and adequate, subject to a hearing on final approval pursuant to Fed. R. Civ. P. 23(c), and (e), and approved the parties' notice of the settlement and fairness hearing thereon. Filing No. 189, Order of Preliminary Approval.

The following settlement classes (hereinafter, collectively, "plaintiff classes") have been preliminarily certified:

The Mobile Messenger Settlement Class

[A]ll current and former Wireless Subscribers Nationwide, who at any time from January 1, 2010, to the Notice Date, incurred any charge, whether paid or not, associated with any of the billing descriptors, shortcodes, and program names set forth on Exhibit B [to the Mobile Messenger Settlement Agreements and posted on the Settlement Website]; or (b) at any time from January 1, 2010, to the Notice Date, received any message from a Premium Short Code registered at the CTIA to (i) any organization recognized as

---

[1] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-19.

exempt from federal income taxation under I.R.C. § 501(c)(3) or I.R.C. § 501(c)(4), or (ii) federal political committees registered with the Federal Election Commission.

### The CFE Settlement Class

[A]ll current and former Wireless Subscribers Nationwide, who at any time from January 31, 2011, to the Notice Date, received a text message from any Message Claim Shortcode or relating to a Message Claim Program. "Message Claim Shortcode" means the following shortcodes: 25872, 29104, 33288, 44329, 49712, and 70451.  "Message Claim Program" means the following programs: searchyourhoroscope.com; tuneztogo.com; hearmemobile.com; myringtonespot.com; cellsafari.com; tonezgalore.com; urzodiachoroscopes.com; and fonezoneportal.com.

Filing No. 190, Order of Preliminary Approval at 1-2.  The court also approved the form, content, and methods of disseminating the Notice of Settlements and directed that appropriate notice of the Settlements be provided to members of the Mobile Messenger and CFE Settlement Classes.  *Id.*

The Representative Plaintiff has shown that Notice of the Proposed Settlement Class Action & Fairness Hearing was provided to members of the class and the notice to the Mobile Messenger Settlement Class and the CFE Settlement Class ordered by the court in its Preliminary Approval Order has been provided, as attested to in the Declaration of Jeffrey D. Dahl ("Dahl Declaration").[2]  Filing No. 204-1.  Also, the governmental notice

---

[2] Pursuant to the Notice Program, Dahl Administration and its media partner served mobile banner ad notices that appeared in prominent positions on the top trafficked mobile applications and websites, including Google, Apple, The New York Times, The Weather Channel, Fox News, and Huffington Post.  Filing No. 204-1, Dahl Decl. at 3.  Further, keyword search notice advertisements were used on the Google and Bing search engines.  *Id.*  These keyword search notice advertisements were configured to appear in response to relevant search queries.  *Id.* at 4.  Additionally, social media notices were displayed on Facebook and were targeted at users who had previously expressed interest in mobile phones, mobile networks and were adults aged 18–45. *Id.*  These efforts combined produced more than an estimated 173.4 million notice impressions through December 2, 2016.  *Id.* at 7.

Notice was also posted on the settlement website which allowed Settlement Class members to view information about the Settlements, including copies of the Detailed Notice, Settlement Agreements, and Preliminary Approval Order.  *Id.*, Ex. B.  The settlement website also contains important dates, answers to frequently asked questions, and contact information for the Claims Administrator.  *Id.*  By visiting the settlement

required by the Class Action Fairness Act, 28 U.S.C. § 1715, has been provided. Filing No. 194, Certificate of Compliance.

The Court finds the form, content, and methods of dissemination of the notice provided to the Mobile Messenger Settlement Class and the CFE Settlement Class were adequate, reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth therein, and these proceedings to all Persons entitled to such notice. The notice satisfies the requirements of Rule 23 and due process.

The deadline for potential class members to request to be excluded from this settlement was February 9, 2017. Filing No. 204-1, Dahl Decl. at 7. Through February 17, 2017, the class administrator has received no exclusion requests. *Id.* The deadline for potential class members to object to this settlement by filing an objection with the court and serving the objection on Counsel was February 9, 2017. *Id.* Through February 17, 2017, the class administrator had received no objections. *Id.* No objections have been filed with the court or served on Class Counsel. The claims process is ongoing. The deadline for potential class members to file a claim is May 31, 2017. Through February 17, 2017, the class administrator had received 13,019 preliminarily valid Post SMS claims and 15,014 preliminarily valid CF Enterprises claims.

The court held a final fairness hearing on March 9, 2017. Class Counsel Ben Barnow and Ralph K. Phalen ("Class Counsel"), Ari N. Rothman, counsel for Mobile

---

website, Settlement Class Members could view and file a claim for one or both Settlements. As of February 17, 2017, website was visited over 67,987 times. Filing No. 204-1, Dahl Decl. at 6. Finally, a toll-free settlement information line was set up to assist potential settlement class members and others seeking information about the Settlements. *Id.*

Messenger, and Michael T. Hilgers, counsel for CFE appeared and presented oral argument.  No one appeared at the Final Fairness Hearing to object to the settlement.

The Settlement Agreements will settle the claims of Cullan and Cullan, LLC, and the class against the defendants in this action.  The Agreements provide that Mobile Messenger Settlement Class Members shall receive $30 per claimed unauthorized mobile phone charge associated with a concerned program name, billing descriptor, and short code (set forth as an Exhibit to the MM Settlement), subject to no monetary cap, except that such claims will be limited to $20 for amounts already reimbursed or refunded at the time the claim is submitted.  CFE Settlement Class Members shall receive $65 per unauthorized text message validly claimed, with a limit of 3 unauthorized text messages per Class Member, but subject to a total cap of $1,000,000, if that cap is reached, claims will be prorated.

The Settlements include detailed claims submission and dispute resolution procedures.  Specifically, the Settlements each provide a dispute resolution procedure to fairly address disputes that may arise in the claim process.  Namely, Settlement Class members whose claims are denied (in whole or in part) have 30 days to dispute the decision before a special master. CFE and Mobile Messenger also have a right to dispute any approved claim within 30 days after the close of the claim period.  In each instance, the contesting party must provide the special master with a detailed written explanation as to why the claims administrator erred in denying or approving the claim. The decision of the special master will be final.  Both Settlements include a limited release.  Under the Settlements, Mobile Messenger is responsible for paying the costs of providing notice to the Settlement Classes and for the Costs of Claims Administration.

The court finds that the Settlement Agreements are fair and reasonable and adequate to compensate class members.  The Settlements provide substantial and valuable

benefits to the Settlement Classes and should be granted final approval.  Based on the court's familiarity with the case the court finds the Representative Plaintiff achieved significant results.  Balancing the risks of continued litigation against the immediacy and certainty of the significant recovery provided by the Settlements supports that the Settlements should be granted final approval.  The parties have aggressively pursued their positions.  The settlements are the result of arm's length negotiations.  The settlements deliver a real and substantial remedy without the risk and delay inherent in prosecuting this matter through trial and appeal.  Importantly, members of the class who do not submit a claim will still have the right to pursue an individual claim.  The court also finds the benefits of the Settlements compare favorably to settlements involving similar cramming claims. Further, the defendants have shown they have adequate resources to meet the obligations under the settlements.

Under the circumstances, the court finds the Settlements are fair, reasonable, adequate and in the best interests of the classes.  Also, there have been no objections to the Settlements.  The court finds that the proposed Settlement Agreements should be approved.

B.      Attorney Fees, Costs and Expenses

In its Settlement, Mobile Messenger has agreed to pay Class Counsel, subject to court approval, an amount of up to $485,000 in attorneys' fees and reimbursement of costs and expenses, and a service award to Representative Plaintiff in the amount of $2,500. CFE has agreed, in its Settlement, to pay Class Counsel, subject to court approval, an amount up to $125,000 in attorneys' fees and reimbursement of costs and expenses, and a service award to Representative Plaintiff in the amount of $2,500.  The Representative Plaintiff seeks an award of those amounts.

7

The notices of the settlements clearly disclosed to potential class members that Class Counsel would seek an award of attorney fees, costs and expenses in the amounts agreed to in the Settlements, subject to approval by the court.  No objections or other responses to the motion for an award of fees has been filed.

The court is familiar with the litigation and recognizes that the Settlements were reached after years of hard-fought negotiations.  Class Counsel also expended time working with the Notice Provider, the Claims Administrator, and counsel for the Mobile Messenger and CFE to effectuate the Settlements and will continue to do so.  Also, the Representative Plaintiff has shown that Class Counsel assumed a considerable risk of no payment for a large amount of work over an extended period of time.  Class Counsel ultimately achieved a good result for Settlement Class members.

The court has reviewed the sworn declarations of counsel in support of the fee request.  Each declarant-attorney attests to the total time he and members of his firm spent litigating this matter, their hourly rates, and years of experience.  Class Counsel has spent over 2100 hours on the litigation, incurring approximately $1,234,060 in fees.  The negotiated attorney fees represent a fraction of the time counsel actually spent on the litigation.  As discounted by agreement, the fee awards requested are reasonable and appropriate considering the lodestar amounts.  Class litigation of this magnitude requires a significant expenditure of time.  This case presented difficult questions and required commensurate skill to litigate properly.  Further, based on its familiarity with fees in this community, the court finds Class Counsel's hourly rates and those of attorneys from their firms are reasonable, taking into consideration the experience and skill of such attorneys and market rates for such skills.

The Representative Plaintiff has demonstrated that counsel's services have benefitted the class. Based on its familiarity with the litigation, the court finds an award in conformity with the parties' agreement is reasonable.

The Representative Plaintiff has shown that Class Counsel incurred costs and expenses in the amount of $22,401 in furtherance of the litigation. The court has reviewed Class Counsels' submissions and finds that the costs are reasonable and were necessary to advance the litigation. Class Counsel request payment by Mobile Messenger in the amount of $17,810 and payment by CFE in the amount of $4,590 to reimburse Class Counsel for these amounts expended. The requested allocation of costs and expenses is based proportionally on the total award of attorneys' fees, costs, and expenses sought from Mobile Messenger and CFE. In the Settlements, Class Counsel agreed not to seek more than the maximum fee amounts ($485,000 with respect to the Mobile Messenger Settlement and $125,000 with respect to the CFE Settlement) from the defendants. The proportionate amount of costs and expenses are subsumed within the total fee award from each defendant.[3] Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      The Representative Plaintiff's Motion for Final Approval of Class Action Settlements, and Awards of Attorneys' Fees, Costs, and Expenses, and Class Representative Service Awards (Filing No. 204) is granted.

2.      This action is certified as a class action under Fed. R. Civ. P. 23(b)(3) composed of:

The Mobile Messenger Settlement Class:

---

[3] The allocation breaks down as follows: Mobile Messenger is awarded $467,189 in attorneys' fees and $17,811 in costs and expenses for a total award of $485,000 and CFE is awarded $120,409 in attorney fees and $4,591 in costs and expenses, for a total of $125,000.

>[A]ll current and former Wireless Subscribers Nationwide, who at any time from January 1, 2010, to the Notice Date, incurred any charge, whether paid or not, associated with any of the billing descriptors, shortcodes, and program names set forth on Exhibit B [to the Mobile Messenger Settlement Agreement and posted on the Settlement Website]; or (b) at any time from January 1, 2010, to the Notice Date, received any message from a Premium Short Code registered at the CTIA to (i) any organization recognized as exempt from federal income taxation under I.R.C. § 501(c)(3) or I.R.C. § 501(c)(4), or (ii) federal political committees registered with the Federal Election Commission.

>The CFE Settlement Class:

>[A]ll current and former Wireless Subscribers Nationwide, who at any time from January 31, 2011, to the Notice Date, received a text message from any Message Claim Shortcode or relating to a Message Claim Program.

The following Persons are excluded from the Mobile Messenger Settlement and CFE Settlement Classes:  Defendants, the Claims Administrator, and any of aforementioned respective parent, subsidiary, affiliate and control persons of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants, any trial judge presiding over this case, and the immediate family members of any such Person(s).

3.      The Settlements (Filing No. 166-1 and 168-1) are hereby granted final approval and incorporated herein as if fully set forth.

4.      Representative Plaintiff and Defendants shall consummate the Settlements according to the terms thereof.

5.      All the claims alleged in the Action are hereby dismissed with prejudice, each party to bear his own costs, except as may be expressly provided in the Settlements.

6.      The terms "Action," "Approved Claim," "Released Party," and "Settled Claims," from the Mobile Messenger Settlement and CFE Settlement are incorporated herein by reference with respect to Paragraphs 7 through 10 of this Memorandum and Order.

7.      Mobile Messenger Settlement Class members shall be deemed to and hereby have fully, finally, and forever released any and all right to file or participate in a class action or mass action for the claims made or which could have been made in the Action against any Released Party.

8.      Representative Plaintiff and all Mobile Messenger Settlement Class members who have filed and been paid their Approved Claims under the Mobile Messenger Settlement shall be deemed to and have, fully, finally, and forever expressly waived and relinquished with respect to Settled Claims, to the fullest extent permitted by law, any and all provisions, rights, and benefits of section 1542 of the California Civil Code and any similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  Without in any way limiting the terms as defined in the Mobile

11

Messenger Settlement, Darcy Wedd, Erdolo Eromo, Michael Pajaczkowski and Fraser Thompson, who have been named in governmental actions based on or related to the facts and circumstances underlying the Action, are not Released Parties under the Mobile Messenger Settlement.

9.      CFE Settlement Class members shall be deemed to and hereby have fully, finally, and forever released any and all rights to file or participate in a class action or mass action for the claims made or which could have been made in the Action against any Released Party and the claims made or which could have been made against Mobile Messenger and its past and present officers, directors, employees, attorneys, representatives, agents and stockholders (except for Darcy Wedd, Erdolo Eromo, Michael Pajaczkowski and Fraser Thompson who have been named in governmental actions based on or related to the facts and circumstances underlying this Action) relating to the transmission of text messages to CFE Settlement Class members' mobile devices.

10.      Representative Plaintiff and all CFE Settlement Class members who have filed and been paid their Approved Claims under the CFE Settlement shall be deemed to and have, fully, finally, and forever expressly waived and relinquished with respect to Settled Claims, to the fullest extent permitted by law, any and all provisions, rights, and benefits of section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides:  "A general release does not extend

12

to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  Additionally, CFE Settlement Class members who have filed and been paid their Approved Claims as provided for under the CFE Settlement shall be deemed to have and shall have, fully, finally, and forever expressly waived and relinquished any right to bring claims against Mobile Messenger relating to the transmission of text messages to CFE Settlement Class members' mobile devices including, but not limited to, claims under the Telephone Consumer Protection Act.

11.    Settlement Class Counsel is awarded attorneys' fees, costs, and expenses from defendant Mobile Messenger in the amount of $485,000 and attorneys' fees, costs, and expenses from defendant CFE in the amount of $125,000.  Payments shall be made by defendants to Class Counsel in accordance with the terms of the Settlements.

12.    The Representative Plaintiff is awarded $2,500 from defendant Mobile Messenger and $2,500 from defendant CFE for service in connection with the Settlements.  Payments shall be made by Mobile Messenger and CFE to the Representative Plaintiff in accordance with the terms of the Settlements.

13.    Without affecting the finality of this Memorandum and Order in any way, the court retains continuing jurisdiction over Representative Plaintiff, Mobile Messenger, CFE, the Mobile Messenger Settlement Class, and the CFE Settlement Class for the administration, consummation, and enforcement of the terms of the Settlements.

13

14.    A judgment for attorney fees, costs and representative payments will issue this date.

DATED this 16th day of March, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge